## FOULKE v. ZIMMERMAN.

1. A probate in Louisiana of the will of a person who died domiciled in New York is valid until set aside in the Louisiana court, though the order of the surrogate in New York has been reversed in the Supreme Court of that State, on which the Louisiana probate was founded.
2. A purchaser from the devisee of such will of real estate in Louisiana, while the order of the Louisiana court establishing the will remains in force, is an innocent purchaser, and is not affected by a subsequent order setting aside the will, to which he is not a party.
3. Such an order, founded on a verdict and judgment in New York declaring the will void, obtained by collusion between the devisee under the will and the heirs-at-law, cannot affect the purchaser from the devisee, made in good faith before such verdict and judgment.

ERROR to the Circuit Court for the District of Louisiana.

These were two suits in the court below, in the nature of actions of ejectment to recover certain lots in New Orleans, and also rents and profits. That court gave judgment in both cases for the defendants, and to these judgments the present writs of error were taken.

The case was submitted on briefs, *by Mr. W. W. Handlin, for the plaintiff in error, and Mr. E. C. Billings, contra.*

Mr. Justice MILLER stated the case and delivered the opinion of the court.

The plaintiffs claim, as heirs-at-law of Elizabeth Clew, who died in New York in the year 1859, and there seems to be no question that they are her next of kin, or purchasers from them, and that she died seized of the property.

The defendants claim as purchasers from John F. Clew, husband of said Elizabeth, under a will of said Elizabeth, probated in the proper court of New Orleans in January, 1861, which will declared him to be her sole heir and universal legatee.

This will was admitted to probate in Louisiana on the strength of an order of the surrogate of New York admitting it there, as her last will and testament, and the record of the Surrogate Court of New York, on which the will was pro-

bated in New Orleans, showed that an appeal had been taken from the order establishing the will. This appeal was prosecuted to success, so that in February, 1861, very soon after the probate in New Orleans, the Supreme Court of New York reversed the order of the surrogate and made up certain issues of fact to be tried by a jury. The case in New York seems to have remained in this condition until November, 1866, when the trial was had and verdict and judgment rendered that the supposed will had been revoked and that Elizabeth Clew. died intestate.

In the meantime John F. Clew had administered upon the estate in Louisiana, and in August, 1864, filed his final account, and on the 29th March, 1866, received from the Probate Court an order of final discharge, placing him in possession of the property as universal legatee of Elizabeth Clew. On that day, and on the 11th day of April, 1866, just after this order, John F. Clew sold at public auction the lots now claimed, by two separate sales, to Phelps and to Laymond, under whom defendants claim, and the deeds were duly recorded in the proper office, one on the 11th and the other on the 13th day of April. All this was before the verdict and judgment declaring the will void in New York.

It also appears that in the year 1864, three years after the issues of fact had been ordered by the Supreme Court of New York, and two years before those issues were tried, the plaintiffs, or the heirs of Elizabeth Clew, under whom they claim, made a compromise with John F. Clew, and for the consideration of $30,000 he made them a quit-claim deed of all his interest in the estate of Elizabeth Clew, of which compromise and deed the New Orleans purchasers had no notice, and which was not recorded in Louisiana until after their purchase and after their deeds had been recorded. Nor does it appear that they were parties or had notice of the proceedings in New York by which the will of Mrs. Clew was held void.

These facts are all found by the court as the foundation of its judgment, with others which we do not deem material. For instance, it is found that proceedings were taken by the

heirs to have the probate of Elizabeth Clew's will in New Orleans set aside, but as this was after the purchase under which the defendants claim, and without notice to them, we think they cannot be bound by it.

Nor do we think that the collusive trial in New York between John F. Clew and the heirs of Mrs. Clew can have any effect on the rights of the defendants derived under the probate of the will in New Orleans.

The facts found by the court show beyond doubt that this trial was had two years after Clew had sold out the subject of litigation to the other parties to the suit, and eight months after the defendants had, in ignorance of this sale, bought of him, as the rightful owner, so established by the New Orleans court. There can be but little doubt that Clew defrauded both parties, and that the defendants were innocent purchasers from him, and that plaintiffs might have protected both themselves and the defendants by recording their quit-claim deed, which they had withheld from record for two years, and that their failure to do this enabled him to commit the fraud. Finding that they had thus lost the lots in controversy, so far as any claim through that deed was concerned, they revive the suit in New York which had slumbered for five years on the issues ordered for a jury, and now having both sides of the litigation in their own hands they procure a verdict setting aside the will, to enable them to claim the land as heirs of Elizabeth Clew, instead of purchasers under John F. Clew.

We think that this cannot prevail, though supported by an *ex parte* proceeding in the New Orleans court by which the former orders probating Mrs. Clew's will and recognizing John F. Clew as sole heir and legatee were set aside. The defendants were innocent purchasers without notice of anything wrong, being justified by the judgment of the Probate Court in the assumption that they purchased the legal title; and if, by making them parties to a proper proceeding, this probate and sale could, under any circumstances, be set aside, we are of opinion that the proceedings in New

York, on which the Louisiana court revoked its former action, were collusive and fraudulent as against the defendants, who, under the facts found by the court, are entitled to be protected in their possession.

As this was the conclusion of the Circuit Court, its judgment is

AFFIRMED IN BOTH CASES.