# IN THE MATTER OF THE ESTATE OF CECIL BROWN, DECEASED.

## No. 1173.

### ERROR TO CIRCUIT JUDGE, FIRST CIRCUIT.

### HON. C. W. ASHFORD, JUDGE.

SUBMITTED JULY 9, 1919.                    DECIDED JULY 30, 1919.

### COKE, C. J., KEMP AND EDINGS, JJ.

WILLS—*probate—nature of decree.*

> The probate of a will after notice as required by law is in the nature of a judgment *in rem.*

SAME—*same—revocation of probate.*

> A decree admitting a will to probate can be set aside only upon sufficient cause shown, which involves both cause why the will should not be sustained and cause why the petitioner did not make a contest at the original hearing.

SAME—*same—same.*

> An unfulfilled promise for the payment of money by the principal legatee under a will to one who refrained from contesting the probate of said will because of said promise does not amount to a fraud on the promisee and is not sufficient in itself to excuse the promisee for not having contested the probate at the original hearing.

OPINION OF THE COURT BY KEMP, J.

The plaintiff in error seeks a review of the decree dismissing his amended petition for the revocation of the probate of the will of Cecil Brown, deceased. Revocation was sought on the ground that at the time of the execution of the writing admitted to probate as the last will and testament of Cecil Brown, deceased, the said Cecil Brown was not of sound and disposing mind and memory sufficient to make a testamentary disposition of his property but by reason of protracted sickness was mentally incapacitated from making said purported will, and upon the further ground (which is alleged upon information and belief) that the making, signing and publishing of said paper purporting to be a will of said Cecil Brown, deceased, was procured through undue influence, imposition and fraud by and of Heinrich M. von Holt, one of the devisees and legatees named in said purported will, in this, that the said Heinrich M. von Holt was at the time of the making of said purported will, and for a long time prior thereto, the confidential agent of the said Cecil Brown and was in daily communication with said Cecil Brown during said time; that "the said Cecil Brown had on numerous occasions prior to the alleged making of said purported will, expressed his intention of leaving the bulk of his estate to petitioner and his brother Godfrey Brown, but was by said Heinrich M. von Holt importuned time and again not to leave any of his estate to petitioner and his brother Godfrey Brown, but to bequeath the same to him (Heinrich M. von Holt); that on account of the weakened condition of the mind of said Cecil Brown and the importunities of the said Heinrich M. von Holt, as aforesaid, the said Cecil Brown was prevented from carrying out his wishes and bequeathing his estate to your petitioner and his brother Godfrey Brown; that said purported will was prepared

·by the said Heinrich M. von Holt some time prior to the death of the said Cecil Brown and retained in his custody until it was filed for probate herein, the contents thereof being carefully concealed from your petitioner during the lifetime of the said Cecil Brown; that the said Cecil Brown (evidently meaning Heinrich M. von Holt) not only importuned the said Cecil Brown to bequeath his estate to him, but poisoned and prejudiced the mind of the said Cecil Brown against petitioner and his brother Godfrey Brown." It is further alleged "That after the death of the said Cecil Brown and prior to the probating of said will by said Heinrich M. von Holt, as aforesaid, the said Heinrich M. von Holt promised petitioner that he would provide petitioner, as the brother of Cecil Brown, deceased, with sufficient money to take care of him and pay his living expenses during his lifetime, out of the estate of said Cecil Brown, deceased; that relying upon said promise of the said Heinrich M. von Holt, and believing that he would be amply taken care of during his lifetime by the said Heinrich M. von Holt, out of the estate of Cecil Brown, deceased, and not desiring to make publicly known the fact that his brother, said Cecil Brown, deceased, was *non compos mentis* at the time he is supposed to have executed said purported will and that the same was executed by him, if at all, through the undue influence, imposition and fraud of the said Heinrich M. von Holt, petitioner did not protest the probation of said will;" and "That the failure of the said Heinrich M. von Holt to keep his said promise with petitioner and furnish petitioner with sufficient funds to pay his necessary living expenses, and the belief of your petitioner that when said estate is distributed to the said Heinrich M. von Holt, that the said Heinrich M. von Holt will refuse to pay to petitioner any sums of money whatsoever, has forced your petitioner to seek the legal and

equitable right he is entitled to from this honorable court."

Heinrich M. von Holt and Frank F. Fernandez, devisees and legatees under the will, filed returns to the order to show cause issued upon the filing of the original petition. The probate judge found that the petition was insufficient on the grounds (1) that the allegations of undue influence, imposition and fraud and (2) that the allegations of excuse for not having made a contest at an earlier date were insufficient. The petitioner then filed an amended petition amending the allegations as to undue influence, imposition and fraud but declined to amend the allegations of excuse, whereupon the amended petition was dismissed and from the decree dismissing the amended petition the matter comes before us upon writ of error.

It seems to be practically conceded that the amended petition sufficiently alleges undue influence, imposition and fraud in the execution of the will, the probate of which is sought to be set aside, but it is urged that the allegations of excuse as to why the petitioner did not contest the probate of the will when it was offered are insufficient to entitle him to a hearing.

The controversy is thus narrowed down to the one question whether the petitioner has alleged facts sufficient, if true, to excuse him from not having contested the probate of the will when offered. It does not appear from the petition that he was not aware of the facts upon which he would now rely for revoking the decree. On the contrary it appears, at least by inference, that he then possessed all the information in that regard that he now has but he seeks to avoid the effect of that knowledge by alleging that he refrained from making the contest because of the promise of Heinrich M. von Holt, the principal beneficiary under said will, that he would sup-

port the petitioner during his life if he would not contest said will.

Can one who has refrained from contesting the probate of a will because of a promise made by another who will benefit by said will being sustained that certain payments will be made out of the estate devised by the will to the one thus refraining, in the absence of allegation of fraudulent intent on the part of the promisor in making said promise, be permitted to come in after the probate and have the decree set aside upon the ground that the promisor has not lived up to his agreement? There is respectable authority holding that he cannot. In *Myers' case,* 67 N. J. E. 560, which disclosed facts very similar to those alleged here, the court at page 564 said:

"The charge of fraud is thus presented. The caveator testifies that after she had filed her caveat and inaugurated the contest she was visited by the widow of the deceased, who then, and at other times, promised to pay her money if she would withdraw the contest, and that, relying upon such promise, she did withdraw from the contest. There is also evidence that others who did not caveat, but who were ready to aid in the contest against the probate, refrained therefrom because the same person promised them money for so doing. All these persons testify that after the probate the widow refused to perform her promises, and has continued to refuse ever since.

"This is the fraud upon which it is insisted the court had a right to act and set aside the probate and reinstate the caveat. In my judgment, it wholly fails to support such action of the court. It does not disclose any fraud committed upon the court, nor does it evince any fraud committed upon the persons. It merely discloses that they withdrew from the contest relating to their personal rights in interest in consideration of promises which were not performed."

We are of the opinion and hold that the probate of a will after notice as required by law is in the nature of

a judgment *in rem,* binding on all persons like other judgments, and can be set aside only upon sufficient cause shown, which involves both cause why the will should not be sustained and cause why the petitioner did not make a contest at the original hearing. *Keliipela-pela* v. *Pamano,* 1 Haw. 503-506. There is no period of limitation prescribed in our statute for barring such actions, but if there were such a statute it would not in our opinion have the effect of permitting one to bring such action whether or no at any time within the prescribed period without showing good cause why the contest was not made at the time the will was offered for probate, neither does the fact that there is no period of limitation for barring such action excuse the petitioner from bringing his case within the rules applicable to actions in equity for setting aside ordinary judgments. The power of a probate court to set aside a decree admitting a will to probate is equal to that of a court of equity on a bill filed for relief against a judgment or decree for fraud or mistake. *Bailey* v. *Stewart,* 14 Hun (N. Y.) 3-6.

"The sole grounds of relief in equity against a judgment of a court of law * * * are for accident, fraud, mistake or surprise, and where on account of one or more of these causes it would be against conscience to execute the judgment." *Mills* v. *Briggs,* 4 Haw. 506, 507.

In the absence of allegations which would brand the alleged promise of von Holt as fraudulent (as for instance that he made the promise with the intention of not keeping it and for the purpose of misleading the petitioner into refraining from contesting the probate) we think the pleading falls short of stating facts which entitle him to such relief as he seeks.

The pleading is also further defective in that it is not alleged that von Holt has failed in whole or in part to

keep his promise. It is stated inferentially that he has failed to keep his promise but not as a fact. Such fact can only be deduced from the allegation that the failure of von Holt to keep his promise has forced the petitioner to seek a revocation of the probate.

As we view the pleading in question the most that can be said of it is that it indicates that a state of facts exists which would entitle the petitioner to an action at law against Heinrich M. von Holt to compel the performance of his agreement if he fails to perform it.

The decree dismissing the petition is affirmed.

*Andrews & Pittman* for plaintiff in error.

*Frear, Prosser, Anderson & Marx* for defendant in error.