Syllabus.

## TERRITORY OF HAWAII, FOR THE USE AND BENEFIT OF THE COUNTY OF MAUI, *v.* HUGH HOWELL AND THE UNITED STATES FIDELITY AND GUARANTY COMPANY.

### No. 1155.

ERROR TO CIRCUIT COURT SECOND CIRCUIT.

HON. L. L. BURR, JUDGE.

ARGUED JANUARY 20, 1920.          DECIDED FEBRUARY 5, 1920.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE DEBOLT IN PLACE OF EDINGS, J., DISQUALIFIED.

JUDGMENTS—*admissibility as evidence against stranger.*

For the mere purpose of establishing the fact of its own rendition and those legal consequences which result from that fact, the judgment itself is not only admissible as the proper legal evidence but usually conclusive to prove that fact.

SAME—*same.*

A judgment is not evidence against a stranger to the suit in which it was rendered to prove the existence of any of the facts necessary to support that judgment.

APPEAL AND ERROR—*final judgment in appellate court.*

In an action at law where the parties are as a matter of right entitled to a jury trial the appellate court can upon a reversal direct the entry of a judgment only where the error occurred after entry of the verdict.

SAME—*same.*

An appellate court in reversing a judgment for the plaintiff on the ground of insufficiency of the evidence will direct a judgment for the defendant only when it appears that no new evidence can be procured upon a new trial.

OPINION OF THE COURT BY KEMP, J.

This is a writ of error to review a judgment rendered by the circuit court of the second circuit upon the ver-

dict of a jury awarding the plaintiff damages for the breach of the conditions of a bond given by the defendant Howell as principal and the United States Fidelity and Guaranty Company as surety for the faithful performance of his (Howell's) duties as county engineer of the County of Maui. The appointment of Howell as county engineer, the validity of the ordinance under which he was appointed and the execution of the bond by both principal and surety were all admitted and it was further admitted that the copies of the bond and ordinance attached to the petition are true copies. The pleadings, including the copies of the bond and ordinance attached thereto, were reviewed by this court in an opinion reported in 23 Haw. at 797 and need not be repeated here. It will be sufficient to say that the plaintiff sought to recover the amount of a judgment which the County of Maui had paid to one Chas. Reinhardt, said judgment having been recovered by Reinhardt against the County for personal injury received by him from having fallen into a washout in the public road in the County of Maui in July, 1915, while the defendant Howell was county engineer of said County. In addition to the admissions referred to above the plaintiff introduced evidence to show that there was a washout in Hana in the County of Maui in April, 1915, about twenty feet wide and from ten to sixteen feet deep extending across the public highway and that the defendant Howell was notified of said washout by the district overseer on the next day after said washout occurred; that he visited and inspected the washout but did nothing to repair it or to erect barriers or warnings of the dangerous condition of the highway. This we think constituted *prima facie* proof of the neglect of duty on the part of the defendant Howell. For the purpose of proving all other facts on which the judgment of Reinhardt

against the County was based, such as that Reinhardt fell into the washout and was injured while in the exercise of due care, as well as to prove the amount of damages suffered by the County and sought to be recovered in this case, the plaintiff offered, and the court received, in evidence the pleadings, decision and judgment in the case of· Reinhardt against the County. No other evidence was offered by the plaintiff to establish these facts and upon the conclusion of the plaintiff's case the defendants made a motion for a directed verdict on the grounds (1) that there is no evidence of any notice to Mr. Howell of the pendency of the original suit between Reinhardt and the County or notice to come in and defend the same; (2) that the judgment found in that case is merely evidence of damage and that such judgment was rendered on the pleadings; (3) that such judgment is not evidence to show that this particular accident occurred at all or that Reinhardt was in the exercise of due care. The motion for a directed verdict was overruled and this ruling has been assigned as error. Error has also been assigned to the ruling of the court in admitting in evidence the record in the Reinhardt case for any purpose other than to show what the issue was in that case and that a judgment was rendered therein and the amount of said judgment.

That matters which have been once determined by judicial authority cannot again be drawn into controversy as between the parties and privies to the determination is a principle too well settled to need the citation of authority. A judgment in one suit will be conclusive in every other where the cause of ·action and the parties are the same notwithstanding a change in the form in which the action is brought. It is also a universal rule that a judgment concludes the parties and their privies only as to the grounds covered by it and the facts neces-

sary to uphold it.    A judgment is offered in evidence
either to establish the mere fact of its own rendition
and those legal consequences which result from the fact
or is offered to prove not only the fact that such a judg-
ment has been rendered and so let in all the necessary
and legal consequences, but as a medium of proving
some fact found by the verdict or upon whose supposed
existence the judgment is based.    For the first of these
purposes, that is, for establishing the fact that such a
judgment had been rendered and all the consequences
of such a judgment, the judgment itself is invariably not
only admissible as the proper legal evidence against the
world but usually conclusive to prove that fact.    The
mere fact that such judgment was rendered can never
be considered as *res inter alios acta,* neither can the
legal consequences of such a judgment be so considered.
But with reference to any fact upon whose supposed
existence a judgment is founded the proceeding may or
may not be *res inter alios* and consequently may or may
not be evidence according to the circumstances, consid-
ering the nature of the facts themselves and the parties.
In Freeman on Judgments, 3 ed. Sec. 417, it is said:
"Judgments are also available as evidence against third
parties by way of inducement or to prove the existence
of any collateral fact.    Thus if a principal should be
sued for the negligence of his agent the judgment
against him in this suit would be evidence in a suit
against the agent by the principal for the purpose of
showing what the consequences of the negligence had
been; 'as evidence of the *quantum* of damages. though
not as to the fact of the injury.' * * * A judgment
against a sheriff for the default of his deputy is at least
*prima facie* evidence against the latter and his sureties
to prove that the sheriff had been subjected to the pay-

ment of a certain amount of liability." See also 1 Greenl. Ev., 14 ed., Sec. 527.

In accordance with these authorities we think that the pleadings, decision and judgment in the case of Reinhardt against the County were admissible in evidence to show what the issue was in that case and to show that the County had been subjected to a certain amount of liability but were not evidence against the defendants of the existence of any of the facts necessary to support that judgment.

The question of notice to these defendants of the pendency of the former suit or what character of notice is necessary in this jurisdiction does not enter into this case because it is not alleged or contended that either of the defendants in this case had any character of notice of the pendency of the former suit. We therefore refrain from a discussion of this subject.

The plaintiff has argued that the court in holding that the judgment in the case of Reinhardt against the County was evidence of the facts on which that judgment was based was justified by the opinion of this court when the case was before it on exceptions as above referred to. It must be borne in mind, however, that this court then had before it for review the action of the circuit court in sustaining a special demurrer to the complaint on the ground that the negligence complained of was that of either the district overseer or of the board of supervisors and was not negligence for which the county engineer could be held liable, and that damages caused by negligence of the nature specified in the complaint are not among those obligations for which the surety stood responsible under the bond.

This court held that the circuit court in sustaining this demurrer committed error and said that "If the failure of the defendant Howell to perform the duty

assigned to him resulted in loss to the County by its being obliged to pay the judgment recovered by Reinhardt there was a breach of the condition of the bond and both principal and surety became liable to suit." (23 Haw. p. 800.) But all of the allegations of the complaint for the purpose of the demurrer were admitted to be true and the complaint alleged that Reinhardt fell into the washout and that he was injured. It is true that the complaint does not allege that Reinhardt was in the exercise of due care when the accident occurred but no point was made of this omission in the demurrer and that question was not before the court. What the ruling of the court would have been had this question been raised it is not proper to now inquire. We do not think that the opinion of this court on the demurrer should be given the far-reaching effect contended for by the plaintiff. On the contrary we think that it is entirely consistent with the conclusion we have reached.

The defendants have argued that the judgment should not only be reversed but that we should order a judgment for the defendants. We do not sustain this contention. "In an ordinary civil action at law, in which the parties are entitled as a matter of right to a jury trial, the appellate court can reverse the judgment and remand the cause with directions to the trial court to enter the proper judgment only where the error occurred after the verdict was entered. Where errors have intervened prior to the entry of the verdict and the cause is reversed therefor it must be remanded for a trial *de novo.*" 2 R. C. L. p. 281, Sec. 235. "It seems to be the general rule that an appellate court has the power to render final judgment on the reversal of a judgment for the plaintiff on the ground of insufficiency of the evidence to support it, and that the court will exercise this

power if the evidence is manifestly insufficient and it does not appear that any new evidence can be procured on a retrial of the cause. But if the court is of the opinion that other evidence may be produced on a new trial or is unable to say that such evidence may not be produced it will not render final judgment but will remand the case for a new trial. And it has been held that before an appellate court can render final judgment on the reversal of a judgment for insufficiency of the evidence it is not enough that it appears improbable that the appellee will be able to recover on a new trial, but it must appear that he cannot." 2 R. C. L. p. 282, Sec. 237.

This case comes within both principles above quoted under which an appellate court will not render a final judgment. The contention of the defendants that a judgment in their favor should be entered is therefore overruled.

For errors pointed out the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*A. Withington* (*Castle & Withington on the brief*) for plaintiffs in error.

*E. Vincent, D. H. Case* and *E. Murphy* filed a brief for Hugh Howell, one of the plaintiffs in error.

*E. R. Bevins,* County Attorney of Maui, for defendant in error.