ANN SEDER HENDERSON *v.* MARTIN PENCE
AND COOKE TRUST COMPANY, LTD., CO-
EXECUTORS OF THE ESTATE OF GAELIC LEE
SEDER, DECEASED.

No. 4589.

NOVEMBER 8, 1967.

RICHARDSON, C.J., MIZUHA, MARUMOTO,
ABE AND LEVINSON, JJ.

OPINION OF THE COURT BY LEVINSON, J.

On February 11, 1966, the appellant filed a complaint seeking a declaratory judgment that her mother was domiciled in California at the time of her death. The appellees, co-executors under her mother's will, moved to dismiss the complaint or for summary judgment. The appellees' attorney submitted an affidavit alleging that he believes that the probate court in Hawaii, in admitting the will to probate, made oral findings establishing the domicile of the decedent in Hawaii at the time of her death. The affidavit also alleges that an order admitting the will to probate for ancillary proceedings in California decided that the decedent was a Hawaiian domiciliary. It also alleges that

the appellant specifically raised the issue of the decedent's domicile in her motion on December 7, 1964 to vacate the order of probate in Hawaii for lack of jurisdiction, and that the probate court in Hawaii decided it adversely to the appellant in denying the motion.

On May 13, 1966, the trial court granted summary judgment for the appellees on the grounds that the issue was res judicata, that the action constituted a collateral attack on the judgments of the probate courts of Hawaii and California, that there was no issue of material fact to be determined, and that the appellees were entitled to judgment as a matter of law.

We reverse. The prior decisions in the various probate proceedings do not support the trial court's conclusion that the issue raised in the present action was finally determined in another action.

The trial court failed to distinguish between the doctrine of res judicata and collateral estoppel. The former precludes a second suit based on the same cause of action involved in a prior suit between the same parties or their privies, *Territory* v. *Howell*, 25 Haw. 320, 322 (1920). The latter precludes relitigation of a fact or issue previously determined or which could have been determined in a suit on a different cause of action between the same parties or their privies, *Yuen* v. *London Guar. & Accident Co.*, 40 Haw. 213, 223 (1953). The issue involved in the present action is the same issue allegedly involved in the probate proceedings in Hawaii and California, but the causes of action, the legal consequences from a determination in the various cases, are different.

## 1. *Probate Order—Hawaii*

The order admitting the will to probate in Hawaii does not purport to make any finding on the issue of the decedent's domicile. Such a finding is unnecessary to the court's jurisdiction to probate the will, R.L.H. 1955, 317-6,[1] and we will not imply

---

[1]A will may be admitted to probate if the decedent either was domiciled in Hawaii at the time of death or owned property in Hawaii at the time of death.

such a finding to preclude a party from asserting his rights. Oral findings, if any were made by the probate court, are ineffectual.

## 2. *Probate Order—California*

A final judgment of a court in a sister state must be accorded full faith and credit under the United States Constitution despite errors in interpretation of the law of another state, *Fauntleroy* v. *Lum*, 210 U.S. 230 (1908). The appellee correctly states that the order admitting a will to probate is in the nature of a judgment in rem and therefore can only be attacked directly, *Estate of Brown*, 25 Haw. 70, 74 (1919). Nevertheless,

> A judgment in such a proceeding will not bind anyone personally unless the court has jurisdiction over him, and it is not conclusive as to a fact upon which the judgment is based except between persons who have actually litigated the question of the existence of the fact. Restatement of Judgments § 73 (2) (1942).

The appellees did not allege that the appellant appeared and litigated the issue of domicile, and therefore she is not personally bound by the factual conclusions in the California probate order.

## 3. *Motion to Vacate Probate*

Two years after the order admitting the will to probate in Hawaii was entered, the appellant moved to vacate that order. In the motion the appellant alleged that the Hawaii court lacked jurisdiction since the decedent was not domiciled in Hawaii. As we have indicated in Part 1, the court may have jurisdiction to probate the will of a person domiciled elsewhere as long as the decedent leaves property in Hawaii. Furthermore, the trial court's denial of the motion to vacate the order of probate was not based on the alleged prior resolution of the issue of domicile in the original probate order. The court denied the motion on the grounds that the appellant failed to show good cause for failure to attack the probate order sooner and that it would be anomalous to deny primary probate in Hawaii after the California court had finally concluded that the decedent was domiciled in Hawaii

and therefore admitted the will only for ancillary proceedings. The court's denial of the motion is perfectly consistent with the fact that the decedent may have been domiciled in California.

Since none of the prior determinations in the probate proceedings in Hawaii or California precludes adjudication of the issue of the decedent's domicile at the time of her death, and since the appellees concede that they would prefer to obtain a determination of the issue now rather than await appeal in the probate proceedings, it is clear that the declaratory judgment action is an appropriate method by which to dispose of the issue raised in this case.

Finally, it is undesirable for a judge who determines any of the issues in the probate proceedings to participate in an independent action related to the probate proceedings. Therefore, on remand, this case is not to be assigned to any judge who has heard any portion of the probate proceedings.

Reversed and remanded.

*Kenneth E. Young* (*Louis Le Baron* with him on the briefs) for plaintiff-appellant.

*Roy K. Nakamoto* (*Ushijima, Nakamoto & Yuda* of counsel) for defendants-appellees.