475 P.2d 1017

**Ted W. HILLSTEAD and Robert B. Jackson, Plaintiffs and Appellants,**

**v.**

**J. J. LEAVITT and P. R. Leavitt, his wife, and Wayne H. Sipe, Defendants and Respondents.**

**No. 12028.**

Supreme Court of Utah.

Oct. 29, 1970.

Clarence Jack Frost, Salt Lake City, for plaintiffs and appellants.

F. Burton Howard, Bettilyon & Howard, Salt Lake City, for defendants and respondents.

TUCKETT, Justice:

The plaintiffs filed their action in the district court seeking to recover a judgment based upon a foreign judgment entered in certain proceedings had in the state of Nevada. The plaintiffs in these proceedings also asked that a conveyance from J. J. Leavitt to his wife, P. R. Leavitt, be set aside and that a receiver be appointed to administer the property.

On June 21, 1965, an action was commenced by J. J. Leavitt, one of the defendants here, and one Wayne H. Sipe, in the District Court of Clark County, State of Nevada. A counterclaim was filed in that action by the defendants who are the plaintiffs here. The proceedings in the Nevada court were concerned with the enforcement of a real estate contract wherein J. J. Leavitt and Sipe agreed to purchase from the plaintiffs certain property in Las Vegas, Nevada. As a part of the transaction Leavitt and Sipe agreed to convey certain mining properties to the plaintiffs. On September 27, 1967, the Nevada court

entered a summary judgment in favor of the plaintiffs here upon their counterclaim and awarded the plaintiffs judgment in the sum of $54,350 together with interest thereon.

The defendant P. R. Leavitt is the record owner of a certain motel in Price, Utah. Plaintiffs are seeking to set aside the conveyance of the motel to P. R. Leavitt so as to make the property subject to the judgment prayed for in these proceedings.

In the year 1960, J. J. Leavitt and his wife, P. R. Leavitt, entered into a contract for the purchase of a farm in Hagerman, Idaho. The Leavitts were unable to complete the purchase and forfeited their interest. In the year 1962, the Leavitts contracted to purchase a farm in Pingree, Idaho, but the purchase was not completed and the down payment was forfeited. Livestock and equipment acquired by the Leavitts in connection with these farming operations were exchanged for real estate in Provo, Utah. Title to the Provo property was in the name of P. R. Leavitt. A short time thereafter the Provo property was traded for a lodge in Jackson Hole, Wyoming. Title to the Wyoming property was in the name of P. R. Leavitt. It became necessary for the Leavitts to mortgage the Wyoming property and the lender required that the property be in both their names. The Wyoming property was sold on contract, and the contract was subsequently exchanged for the Alpine Motel in Price, Utah. As an incident to the sale of the lodge in Wyoming, the Leavitts acquired a dry cleaning business in Salt Lake County. Initially the funds used by the Leavitts in their real estate purchases came from the sale of a violin owned by Mrs. Leavitt.

The various real estate transactions engaged in by the Leavitts antedated the Nevada judgment herein sued upon. Under the statutes of this state a creditor may have a conveyance set aside if it was made with actual intent to hinder, delay, or defraud either present or future creditors.[1] After a trial was had upon the issues the lower court found that the evidence failed to support plaintiffs' contention that there was actual intent to defraud on the part of J. J. Leavitt. The record supports the court's findings in this respect. The court did enter judgment in favor of plaintiffs and against the defendant J. J. Leavitt but refused to set aside the conveyance to P. R. Leavitt of the property we are here concerned with. The court also refused to appoint a receiver to take over and hold the same together with the rents and profits derived therefrom. We find no errors in these rulings of the court.

During the course of the proceedings the plaintiffs procured the issuance of a writ of garnishment which was served upon the bank which had an account in the name of Alpine Motel. The defendant J. J. Lea-

1. Section 25–1–7, U.C.A.1953.

vitt was authorized to draw checks on the account. An amended answer to the garnishment indicated that while J. J. Leavitt was authorized to draw on the account, P. R. Leavitt claimed title to the entire account. A hearing was had upon this issue after which the court found that the evidence failed to establish that J. J. Leavitt owned an interest in the subject bank account.

The defendant J. J. Leavitt is here claiming error based upon the trial court's entering judgment against him on the Nevada judgment. It is Leavitt's contention that the plaintiffs as counterclaimants in the Nevada court failed to make particular allegations of fraud and that such pleading is required by the Nevada Rules of Civil Procedure. An examination of that pleading reveals that the counterclaimants did in fact plead fraud generally, and it does not appear that Leavitt moved that court for a more particular statement or otherwise objected thereto. We are of the opinion that the failure of the counterclaimants to plead fraud with particularity was a matter which should have been called to the attention of the Nevada court, and the defendant having failed to do so cannot ask the Utah courts to review a decision of the Nevada court. It is also noted that the judgment of the Nevada court did recite certain fraudulent intents and representations on the part of Leavitt and his coplaintiff. We are of the opinion that the Nevada judgment is entitled to full faith and credit in the courts of this State.[2]

The decisions of the court below are affirmed. The parties are to bear their own costs.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

---

2. Art. IV, Sec. 1, U.S.Const.; Reynolds v. Stockton, 140 U.S. 254, 11 S.Ct. 773, 35 L.Ed. 464.