AETNA FINANCE CO., a Corporation,
Appellant,

v.

Eloise BOWLER, Appellee.

No. 53641.

Court of Appeals of Oklahoma,
Division No. 1.

Aug. 12, 1980.

Rehearing Denied Oct. 14, 1980.

Certiorari Denied Nov. 24, 1980.

Released for Publication By Order of
Court of Appeals Dec. 4, 1980.

Keith R. Treadway, Oklahoma City, for appellant.

Brogan & Brogan by Patrick Brogan, Michael Brogan, Oklahoma City, for appellee.

ROMANG, Judge:

In this action the Appellant, Aetna Finance Co., registered a final Texas judgment under 12 O.S. 1971, § 721 and gave appropriate notices under 12 O.S. 1971, § 722. A hearing on assets was held wherein Defendants (Husband and Wife) questioned the jurisdiction of the Texas court to render the judgment. After a hearing the trial court held the Defendants had been properly served but since Appellee Eloise Bowler had not signed the promissory note and security agreement which was the basis of the Texas judgment, that the Texas court lacked jurisdiction as to her and the judgment was *pro tanto* void. We disagree and reverse.

It is basic law that a final judgment of a court of a sister state with personal jurisdiction over the parties is entitled to full faith and credit in the courts of all the other states. Article IV Section 1 of the U.S. Constitution. The faith and credit due a judgment of a sister state is the "same full faith and credit ... as ... [it has] by law or usage in the courts ..." where rendered. 28 U.S.C. § 1738. Nor can Oklahoma courts reexamine the merits of a sister state court's decision no matter how clearly that court may have erred. *Fauntleroy v. Lum*, 210 U.S. 230, 28 S.Ct. 641, 52

L.Ed. 1039 (1908). The basic question as to what effect a Texas judgment has in Oklahoma is answered by reference to Texas, not Oklahoma, law.

The parties note that 12 O.S. 1971, § 721 provides that a registered foreign judgment "has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a District Court of this state and may be enforced or satisfied in like manner." Appellee argues this means that if an Oklahoma judgment would be collaterally attackable because of clear error on the face of the record that a registered judgment is also. Such a construction would be unconstitutional and in clear violation of 28 U.S.C. § 1738.

The Commissioners' Prefatory Note to the Uniform Act, of which 12 O.S. 1971, § 721 is a part, states the purpose of the 1964 revision (which Oklahoma adopted) was to provide "the enacting state with a speedy and economical method of doing that which it is required to do by the Constitution of the United States." 13 Uniform Laws Annotated, Uniform Enforcement of Foreign Judgments Act (1964 Revised Act) p. 172 (1975). As the Practice Commentaries of Professor David Siegel[1] to the New York Act indicate the registered judgment becomes a domestic judgment "only for enforcement purposes ... despite the rather broad language of ...." § 721. McKinney's Consolidated Laws of New York, Civil Practice Law and Rules § 5402. Oklahoma law is applicable only to the procedures involved in "reopening, vacating, or staying" the judgment. The language indicating it has the same "effect" as an Oklahoma judgment must be limited to an understanding that this effect is not less than that to which the judgment is entitled under 28 U.S.C. § 1738.

Turning to Texas law we find that where the court has personal and general subject matter jurisdiction "mere error or irregularity will not make a judgment void...." 34 Tex.Jur.2d, *Judgments* § 266.

The intent of full faith and credit is to announce to a defendant that it must stand by the decision of a court within the United States that had personal jurisdiction of the parties. The decision rendered is a decision of that state and has the effect ascribed to it by the law of the rendering state. *See Thomas v. Washington Gas Light Co.,* —— U.S. ——, 100 S.Ct. 2647, 2654, 65 L.Ed.2d 757, (1980) Mr. Justice Stevens plurality opinion. The Texas court had jurisdiction. Whatever error it made and however clearly it appears are matters we are foreclosed from considering.

The decision below is reversed and the matter remanded for further proceedings in accord with this opinion.

Appellant's motion for oral argument is denied.

REVERSED AND REMANDED.

REYNOLDS, P. J., and BOX, J., concur.

---

1. For Professor Siegel's credentials and authority see McKinney's Consolidated Laws of New York, Book 7B pgs. III-IV.