DATA MANAGEMENT SYSTEMS, INC., a Wisconsin corporation, Plaintiff and Respondent,

v.

EDP CORPORATION, aka Electronics Data Processing Corporation, a Utah corporation, Defendant and Appellant.

No. 19672.

Supreme Court of Utah.

Oct. 31, 1985.

Byron L. Stubbs, Salt Lake City, for defendant and appellant.

LeRoy S. Axland, Scott F. Young, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Plaintiff Data Management Systems ("Data") is a Wisconsin corporation. Defendant EDP Corporation ("EDP") is a Utah corporation which develops, sells, and maintains computer software for use by credit unions and other related businesses. Its president is Paul Allison and vice-president is Audrey Allison, his mother. EDP attempts to avoid plaintiff's enforcement in Utah of a Wisconsin judgment for damages.

In May 1983, plaintiff Data filed an action in Wisconsin against EDP seeking damages for defendant's breach of contract in refusing to provide to Data the source code to EDP's software.[1] After numerous unsuccessful attempts to serve process on defendant's corporate officers,[2] Data effected service on EDP by delivering copies of the Wisconsin summons, complaint, and order to show cause to an employee at defendant's Salt Lake City office and to the office of the Utah Secretary of State, which mailed a copy to defendant by certified mail.[3]

Defendant EDP did not appear in the Wisconsin court, and Data obtained a substantial default judgment against EDP on October 3, 1983. Data then filed its Wisconsin judgment in Salt Lake County for the purpose of enforcing the judgment in this state, pursuant to our Utah Foreign Judgment Act.[4] EDP claims it did not learn of the judgment until after it was filed here and its enforcement sought.

---

1. Source code is the language code used by a computer programmer to create a software program. Generally, access to the source code is required in order to adapt or modify the program.

2. Within a four-week period, at least twenty attempts were made to personally serve Paul Allison as EDP's president and registered agent or Audrey Allison, vice-president.

3. In the district court, Data relied upon U.C.A., 1953, § 16–10–13(b) (Supp.1983) and Rule 4(e)(4), Utah R.Civ.P., to support its method of completing service of process.

4. U.C.A., 1953, § 78–22a–1, et seq. (Supp.1985).

In November 1983, EDP moved our Third Judicial District Court to set aside the Wisconsin judgment because of the asserted failure by Data to obtain valid service of process upon EDP. After hearing, defendant's motion was denied on December 6, 1983. Three days later, defendant EDP filed a second motion under Rule 60(b) of our Utah Rules of Civil Procedure, to set aside the Wisconsin judgment for lack of proper service and on the additional grounds of mistake and inadvertence. The motion was heard and denied on December 15, 1983, whereupon EDP immediately filed this appeal.

During the pendency of this appeal, EDP also appeared in the Wisconsin action to set aside its default. On February 29, 1984, the Wisconsin Circuit Court denied the request, entering specific findings and conclusions. That court found that it had personal jurisdiction over EDP, service of process was valid under Wisconsin law, EDP showed no valid defense to the merits, and there was no other basis under Rule 60(b) for relief from the judgment. Those findings and order were affirmed by the Wisconsin Court of Appeals on January 22, 1985. EDP's petition for review to the Wisconsin Supreme Court was denied on May 7, 1985.

After final determination by the Wisconsin Supreme Court, respondent Data contends that the issues raised by appellant EDP are now moot. Because we give full faith and credit to the judgment and determinations of the Wisconsin courts, we affirm the order of the Utah trial court.

The final determinations by the courts of one state are entitled to full faith and credit in the courts of its sister states. U.S. Const. art. IV, § 1;[5] *Underwriter's National Assurance Co. v. North Carolina Life and Accident and Health Insurance Guaranty Association,* 455 U.S. 691, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982); *Durfee v. Duke,* 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940),

*reh'g denied,* 312 U.S. 712, 61 S.Ct. 548, 85 L.Ed. 1143 (1941). Utah courts have faithfully followed this constitutional mandate and accorded *res judicata* effect to valid judgments rendered by the courts of our sister states. *Clarkson v. Western Heritage, Inc.,* Utah, 627 P.2d 72 (1981); *Fullenwider Co. v. Patterson,* Utah, 611 P.2d 387 (1980); *Transamerica Title Insurance Co. v. United Resources, Inc.,* 24 Utah 2d 346, 471 P.2d 165 (1970); *Hillstead v. Leavitt,* 25 Utah 2d 82, 475 P.2d 1017 (1970). The credit we afford final foreign judgments is generously full and not parsimoniously partial. *Davis v. Davis,* 305 U.S. 32, 40, 59 S.Ct. 3, 6, 83 L.Ed. 26 (1938). Even if it appears that the rendering court has erred or ruled contrary to statute, we will not refuse to enforce that determination when that court had fundamental jurisdiction. *Thorley v. Superior Court, County of San Diego,* 78 Cal.App.3d 900, 910, 144 Cal.Rptr. 557, 563 (1978).

The Full Faith and Credit Clause does not prevent a judgment debtor from collaterally attacking a foreign judgment on the ground of fraud or the want of jurisdiction or due process of law. *Hobelman Motors, Inc. v. Allred,* Utah, 685 P.2d 544 (1984); *Van Kleeck Creamery, Inc. v. Western Frozen Products Co.,* 24 Utah 2d 63, 465 P.2d 544 (1970). A foreign judgment rendered without jurisdiction over the defendant or under circumstances which amount to a lack of due process is not entitled to full faith and credit in Utah. But, although our Court may inquire into the jurisdictional basis of a foreign judgment, a determination by the rendering state on the issue of jurisdiction is *res judicata* when that issue is fully and fairly litigated there. *Underwriter's National Assurance Co.,* 455 U.S. at 705–06, 102 S.Ct. at 1366–67; *Durfee v. Duke,* 375 U.S. at 111–13, 84 S.Ct. at 245–46 *Clarkson v. Western Heritage,* 627 P.2d at 74.

EDP raises two separate arguments to avoid the full faith and credit enforcement in Utah of the Wisconsin judgment. First,

---

5. By congressional act, the application of the Full Faith and Credit Clause extends to all courts, federal and state. 28 U.S.C. § 1738 (1966), 62 Stat. 947.

EDP claims that the Wisconsin court acquired no jurisdiction over it because the service of process was inadequate under Rule 4(e) of our Utah Rules of Civil Procedure. Second, EDP insists that the Uniform Enforcement of Foreign Judgments Act (§ 78–22a–2) and Rule 60(b), Utah R.Civ.P., permit our courts to set aside defendant's default in Wisconsin because of defendant's inadvertence, mistake, or neglect there.

■ We reject the first contention, that the Wisconsin court did not acquire valid personal jurisdiction over EDP. A judgment rendered in a foreign state is presumed to have been entered with jurisdiction over the defendant and the subject matter. *Milliken v. Meyer*, 311 U.S. at 462, 61 S.Ct. at 342. The burden is upon EDP, as the judgment debtor seeking avoidance of the judgment, to overcome that presumption of jurisdiction. *Barber v. Barber*, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944).

EDP argues that process was not properly served upon it under Utah law. EDP does not claim that the service of process or the exercise of nonresident jurisdiction under Wisconsin law would not satisfy the limits of due process. Whether Data obtained valid service in compliance with Utah law is irrelevant to the validity of the foreign judgment. The appropriate inquiry is whether service upon and the exercise of jurisdiction over EDP in the Wisconsin court was valid under Wisconsin's laws. Accordingly, we follow that court's determination of its own jurisdiction based upon its own laws regarding service of process. *Mizner v. Mizner*, 84 Nev. 268, 439 P.2d 679, 681–82 (1968); *Stevens v. Stevens*, 44 Colo.App. 252, 611 P.2d 590 (1980).

The validity in Wisconsin of the service of process upon EDP was raised and litigated in Wisconsin by EDP. The Wisconsin court found that the service in Utah gave sufficient notice of the action to EDP and complied with Wisconsin's statutes.[6] Data's numerous attempts to obtain personal service upon EDP's corporate officers, together with the disclaimers of responsibility at its corporate offices, showed a willful attempt by defendant to evade service of process. Although no personally served, EDP's president had actual knowledge of the pending lawsuit against the company. Having had its day in the Wisconsin courts to fully and fairly litigate the question of jurisdiction, defendant may not continue to relitigate the issue in Utah. *Durfee v. Duke*, 375 U.S. at 111–13, 84 S.Ct. at 245–46; *Clarkson v. Western Heritage, Inc.*, 627 P.2d at 74; *Fullenwider v. Patterson*, 611 P.2d at 389; *Hillstead v. Leavitt*, 25 Utah 2d 82, 475 P.2d 1017 (1970).

As its second argument, EDP contends the default judgment has no effect in the Utah enforcement proceedings because the Wisconsin judgment may be set aside in Utah under our Rule 60(b). Defendant claims that the Utah Foreign Judgment Act[7] gives authority to our local state courts to reopen, vacate, or set aside the default judgment. The act provides, *inter alia:*

> A judgment filed under this chapter [§ 78–22a–1, *et seq.*] has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, setting aside, or staying, as a judgment of a district court of this state and is subject to enforcement and satisfaction in like manner.[8]

According to EDP, each time enforcement of a foreign judgment is sought in Utah

---

**6.** Wis.Stat. § 801.11 (1975); *Keske v. Square D Co.*, 58 Wis.2d 307, 206 N.W.2d 189 (1973).

**7.** The Utah Foreign Judgment Act, U.C.A., 1953, § 78–22a–1, *et seq.*, as enacted 1983, is patterned after the 1964 Uniform Enforcement of Foreign Judgments Act with slight modifications. The 1964 Act has been substantially adopted in twenty-five states, including Wisconsin, with the pur-

pose to relieve parties of the additional cost and harassment of further litigation unnecessary to the enforcement of a valid foreign judgment entitled to full faith and credit. *See* Comm'rs Prefatory Note, Uniform Enforcement of Foreign Judgments Act 13 U.L.A. 173 (1980).

**8.** U.C.A., 1953, § 78–22a–2 (Supp.1983).

under this Act, our courts may reexamine the merits of the case for the purpose of determining whether to give full faith and credit.

EDP's interpretation of our Foreign Judgments Act is contrary to the purpose and intent of the Uniform Act and the Full Faith and Credit Clause. Furthermore, this theory is unsupported by any authority. Neither Rule 60(b) nor section 78–22a–2 should be interpreted in a manner which defeats the Full Faith and Credit Clause. The United States Constitution article IV, section 1 overrides the local regulation of access to the procedures of state courts for the purpose of enforcing foreign adjudications.

> The power of a state to determine the limits of the jurisdiction of its courts and the character of the controversies which shall be heard in them is, of course, subject to the restrictions imposed by the Federal Constitution.

*Angel v. Bullington,* 330 U.S. 183, 188, 67 S.Ct. 657, 660, 91 L.Ed. 832 (1947), quoting *McKnett v. St. Louis & San Francisco Railroad,* 292 U.S. 230, 233, 54 S.Ct. 690, 691, 78 L.Ed. 1227 (1934).

■ Neither Rule 60(b) nor our Utah Foreign Judgment Act allows our Utah courts to reopen, reexamine, or alter a foreign judgment duly filed in this state, absent a showing of fraud or the lack of jurisdiction or due process in the rendering state. Only these defenses may be raised to destroy the full faith and credit owed to the foreign judgment sought to be enforced under the Foreign Judgments Act. *Morris v. Jones,* 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488 (1947); *Salmeri v. Salmeri,* Wyo., 554 P.2d 1244, 1248 (1976); *Matson v. Matson,* Minn., 333 N.W.2d 862 (1983);

*Morris Lapidus Associates v. Airportels, Inc.,* 240 Pa.Super.Ct. 80, 361 A.2d 660, 664 (1976); *Jones v. Roach,* 118 Ariz. 146, 575 P.2d 345 (Ariz.Ct.App.1977).

■ Utah's Foreign Judgment Act does not diminish the finality of foreign adjudications or the full faith and credit obligation owed thereon. It cannot create substantive rights in a judgment debtor which conflict with the Full Faith and Credit Clause. No power is conferred upon our state courts to entertain a Rule 60(b) motion for relief from a foreign judgment in order to avoid its enforcement, except to the extent permitted by full faith and credit. The rights and defenses preserved by the Act are only those which the debtor may constitutionally raise. To interpret the language of our statute otherwise would not afford any finality to foreign judgments and would be contrary to the constitutional mandate.[9]

Believing that its neglect and inadvertence were legitimate grounds to set aside the Wisconsin judgment, EDP was required to assert those grounds before the rendering court in Wisconsin. Having done so and lost, EDP may not continue to litigate the same issues here. *Moran v. Poland,* Alaska, 494 P.2d 814 (1972); *P & R Enterprises, Inc. v. Guard,* 102 Idaho 671, 637 P.2d 1167 (1981). We apply full faith and credit to Wisconsin's refusal to set aside the judgment and reject appellant's Rule 60(b) argument because the issues raised in this Court by EDP have already been fully and fairly litigated in and rejected by our sister state. We affirm the action of our trial court, denying EDP relief from the enforcement of the foreign judgment.

HOWE, J., concurs in the result.

*See also ITT Industrial Credit Co. v. Lawco Energy, Inc.,* 86 F.R.D. 708 (S.D.W.Va.1980) (debtor may not foreclose the enforcement of a judgment by a Rule 60(b) motion); *Phares v. Nutter,* 125 Ariz. 291, 609 P.2d 561 (1980) (Rule 60(b) motion is only available to challenge a foreign judgment for lack of jurisdiction or fraud).

9. *Jones v. Roach,* 118 Ariz. 146, 575 P.2d 345 (Ariz.Ct.App.1977); *Danis v. Ziff-Davis Publishing Co.,* 138 Ariz. 346, 674 P.2d 900 (Ariz.Ct.App. 1983); *Eschenhagen v. Zika,* 144 Ariz. 213, 696 P.2d 1362 (Ariz.Ct.App.1985); *Concannon v. Hampton,* Okla., 584 P.2d 218 (1978); *Aetna Finance Co. v. Bowler,* Okla.App., 622 P.2d 292 (1980); *Diners Club, Inc. v. Makoujy,* 110 Misc.2d 870, 443 N.Y.S.2d 116 (1981); D. Siegel, 7B McKinney's Consolidated Laws of New York, C5402:2, Practice Commentaries, at 504 (1978).