In the Matter of the ESTATE OF Herbert Lee JONES, deceased.

Linda Cameron Anglesey, Appellant.

No. 900170.

Supreme Court of Utah.

Aug. 9, 1993.

Richard L. Halliday, Salt Lake City, for the Estate and Linda Anglesey.

R. Stephen Marshall, Susan G. Lawrence, Salt Lake City, for Robert Lee Jones.

ZIMMERMAN, Justice:

The Estate of Herbert Lee Jones, by personal representative Linda Anglesey, appeals a final judgment of the third district court holding that a prior California judgment distributing the testator's California real property was invalid and ordering the real property redistributed according to Utah law. Anglesey argues that the California judgment is res judicata with respect to the distribution of the testator's California real property and is therefore entitled to full faith and credit by Utah courts. We agree and reverse.

Herbert Lee Jones, a Utah domiciliary, executed a will prior to his death on July 5, 1985. The will named appellant Linda Anglesey as executor and sole beneficiary. On July 19, 1985, Anglesey filed a petition for formal probate in Utah. The testator's son, Robert Lee Jones, objected to the petition, claiming to be a pretermitted child. *See* Utah Code Ann. § 75–2–302 (1978).

At trial in February of 1986, the third district court found that the will was valid and that Jones was not a pretermitted child under Utah law. In April of 1986, the court entered an order formally probating the will and appointing Anglesey as personal representative. Jones appealed the judgment to this court, and the case was poured over to the Utah Court of Appeals. *See* Utah R.App.P. 42(a).

After the district court's decision but before the court of appeals issued its opinion, Anglesey filed an ancillary proceeding in California for the distribution of the testator's real property located in that state. On November 7, 1987, the California superior court found that Jones was not a pretermitted child and ordered the California real property distributed to Anglesey. Although Jones received notice of the ancillary proceeding, he failed to appear before the California court, and he did not appeal the California court's judgment in California. That judgment became final when the period for appeal elapsed.

On August 8, 1988, the Utah Court of Appeals reversed the decision of the Utah trial court and held that Jones was a pretermitted child under Utah law and that he was entitled to the equivalent of his intestate share of the estate. *Estate of Herbert Lee Jones v. Jones*, 759 P.2d 345, 348–50 (Utah Ct.App.1988). The court remanded the case for entry of judgment consistent with its ruling. *Id.* at 350.

Anglesey petitioned the third district court to close the estate and submitted an accounting. Jones objected to the accounting because it did not include the real property in California that had been distributed

in accordance with the California decree. He counter-petitioned to either remove Anglesey as personal representative or order her to file a bond for the value of one-half of the estate, calculated by including the value of the California real property. Anglesey objected to Jones's counter-petition on the grounds that a bond was unnecessary because there was no Utah property in the estate to be distributed after the payment of debts.

At a hearing on the petitions, the district court ruled without explanation that the California judgment was wholly invalid as a matter of law, that the California real property should be included in the Utah estate, and that in accordance with the Utah Court of Appeals' decision, Jones was a pretermitted heir. It appears from the record that the district court justified its decision, at least in part, on the alleged fact that Anglesey failed to disclose to the California court that the case was on appeal in Utah.

The estate, by Anglesey, appeals to this court. The sole issue we address is whether the California judgment respecting the California real property is binding on Utah courts under the full faith and credit clause of Article IV, Section 1 of the United States Constitution.

■ We first note the standard of review. The district court ruled as a matter of law that the California judgment was invalid and not entitled to full faith and credit. Therefore, we review that decision independently and without deference to the trial court's rulings. *See, e.g., Avila v. Winn,* 794 P.2d 20, 22 (Utah 1990); *Henretty v. Manti City Corp.,* 791 P.2d 506, 510 (Utah 1990).

■ Article IV, Section 1 of the United States Constitution provides:

Full Faith and Credit shall be given to each State to the public Acts, Records and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which the Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. Const. art. IV, § 1. While not explicit in Article IV, section 1, only judgments that are both valid and final generally are entitled to full faith and credit. *See New York ex rel. Halvey v. Halvey,* 330 U.S. 610, 614, 67 S.Ct. 903, 906, 91 L.Ed. 1133 (1947) (citing 28 U.S.C. § 687).

■ Jones argues that we need not give full faith and credit to the California judgment because the California court erred in applying California law to determine his status as an heir. We find this argument regarding the California court's choice of law to be without merit. It is not totally clear from the transcript of the proceedings before the California court that it applied California law rather than Utah law. The California judgment, when handed down, was in accordance with Utah law as declared by the Utah district court. Even if the California court did apply California rather than Utah law, that fact does not invalidate its decision. We recognize that the status of an heir is determined according to the laws of the state where the person is domiciled. *See Estate of Duquense v. Scherer,* 505 P.2d 779, 781 (Utah 1973). However, a foreign judgment that is both valid and final cannot be collaterally attacked even if grounded on errors of law or fact. *Data Management Sys., Inc. v. EPD Corp.,* 709 P.2d 377, 379 (Utah 1985) (per curiam); *Henderson v. Pence,* 50 Haw. 162, 434 P.2d 309, 311 (1967) (citing *Fauntleroy v. Lum,* 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039 (1908)). Therefore, we examine the California court's ruling for validity and finality. If the judgment meets these criteria, it is entitled to full faith and credit.

■ To be "valid," for purposes of full faith and credit, a judgment must have been rendered by a court with competent jurisdiction and in compliance with the constitutional requirements of due process. *Data Management,* 709 P.2d at 379. A foreign judgment rendered without subject matter jurisdiction or jurisdiction over either the parties or the res is not entitled to full faith and credit. *See Paffel v. Paffel,* 732 P.2d 96, 99 (Utah 1986); *Andre v. Morrow,* 106 Idaho 455, 460, 680 P.2d 1355, 1360 (1984) (citing, inter alia, *Halvey,* 330

U.S. at 614, 67 S.Ct. at 906). In the instant case, neither party has challenged the jurisdiction of the California court. Because we presume a judgment of a sister state to have been rendered with competent jurisdiction unless proved otherwise, we assume that the California court had jurisdiction. *Data Management,* 709 P.2d at 380.

■ The validity of a judgment also depends on compliance with the constitutional requirements of due process. *Id.* at 379; *Andre,* 106 Idaho at 460, 680 P.2d at 1360 (citing, inter alia, *Griffin v. Griffin,* 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635 (1946)). Jones received notice of and had the opportunity to participate in the California proceeding, and he does not now assert that he was otherwise deprived of due process. It is true that before the trial court, Jones alleged that the estate failed to bring to the California court's attention the fact that an appeal of the Utah trial court's ruling was pending before the Utah Court of Appeals. Jones argued that this failure to notify the California court somehow undermined the validity of the California ruling, an argument the trial court may have accepted. However, Jones does not raise that argument here, nor does he contend that any such failure operated to deny him due process. We find nothing in the Utah trial court's ruling that would warrant its apparent conclusion that this nondisclosure imperiled the validity of the California judgment. Therefore, we presume that the California court rendered its decision in compliance with due process. *Cf. Data Management,* 709 P.2d at 380.

■ The second requirement for full faith and credit is that the judgment be final according to the laws of the state of rendition. *See Halvey,* 330 U.S. at 614, 67 S.Ct. at 906; *Thorley v. Superior Court,* 78 Cal.App.3d 900, 144 Cal.Rptr. 557, 561 (1978) (citing Restatement (Second) of Conflicts of Laws, § 107 (1971)); *Andre,* 106 Idaho at 462, 680 P.2d at 1362. The California judgment is final because the trial court judgment was not appealed. The California Rules of Court provide a specific time period in which to appeal from entry of judgment. *See* Cal.R.Ct. Rule 2(a). Jones did not appear or participate in the California litigation, nor did he attempt to appeal the California judgment. He does not contend here that the judgment is not final. Therefore, we conclude that the California judgment became final when the period to appeal expired.

Jones argues that the California court should have refrained from deciding the issue until a final determination of the pretermitted child issue was made by the Utah Court of Appeals. Alternatively, he argues that the California court made a legal error ruling for the estate on the issue. However, as we previously stated, a valid and final judgment of a sister state cannot be collaterally attacked for being grounded on an error of law or fact. *Data Management,* 709 P.2d at 379; *Henderson,* 434 P.2d at 311 (citing *Fauntleroy,* 210 U.S. 230, 28 S.Ct. 641). Furthermore, "[t]he ancillary probate in one state of the will of a person who died while domiciled in another state is valid until set aside, although the original probate in the state of the testator's domicil[e] upon which the ancillary probate was obtained has been subsequently reversed in that state." 80 Am. Jur.2d *Wills* § 1039 (1975); *accord Thorley,* 144 Cal.Rptr. at 564 (citing *Reed v. Allen,* 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054 (1954)); *cf. Foulke v. Zimmerman,* 81 U.S. (14 Wall.) 113, 20 L.Ed. 785 (1872).

In sum, the California judgment was valid and final for purposes of recognition and enforcement under the full faith and credit clause. We find nothing beyond mere speculation to support the district court's conclusion that the alleged failure to disclose the pending appeal would undermine the California judgment. Because the California court was the first to reach a final determination of the pretermitted child issue, its judgment is res judicata and entitled to full faith and credit in Utah courts. We have reviewed the parties' remaining arguments and find them to be without merit. The trial court's judgment is reversed.

HALL, C.J., HOWE, Associate C.J., and STEWART and DURHAM, JJ., concur.