LEONARD ROSENSTEIN, Appellant, *v.* J. RODMAN
STEELE, JR., LEWIS F. GOULD, JR., and HARVEY
D. FRIED, STEELE, GOULD & FRIED, Respondents.

No. 18155

December 22, 1987                           747 P.2d 230

*Lovell, Bilbray & Potter,* Las Vegas, for Appellant.

*Jack G. Perry,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court denying appellant's motion to set aside and to stay the enforcement of a Pennsylvania default judgment. For the reasons set forth below, we affirm the order of the district court.

In July of 1986, respondents obtained the entry of a default judgment against appellant, a Nevada resident, in the Pennsylvania Court of Common Pleas, and thereafter duly registered the judgment in Nevada pursuant to the Nevada Uniform Enforcement of Foreign Judgments Act (UEFJA). *See* NRS 17.330-17.400. In December of 1986, appellant filed a motion in the Nevada district court seeking to set aside the judgment and to stay

its enforcement pursuant to the provisions of NRCP 55(b), NRCP 60(b)(1), and NRS 17.350.[1] The court below entered an order denying appellant's motion on February 26, 1987. This appeal followed.

Appellant contends that the district court abused its discretion by denying his motion on the ground that appellant had failed to demonstrate excusable neglect under NRCP 60(b)(1). We need not consider appellant's contention in this regard. The full faith and credit clause of the United States Constitution requires that a final judgment entered in a sister state must be respected by the courts of this state absent a showing of fraud, lack of due process or lack of jurisdiction in the rendering state. *See* U.S. Const., art. IV, § 1; Morris v. Jones, 329 U.S. 545, 551 (1947); Phares v. Nutter, 609 P.2d 561 (Ariz. 1980); Miller v. Eloie Farms, Inc., 625 P.2d 332 (Ariz.App. 1980); Data Management Systems, Inc. v. EDP Corp., 709 P.2d 377 (Utah 1985). Consequently, the defenses preserved by Nevada's Uniform Enforcement of Foreign Judgments Act and available under NRCP 60(b) are limited to those defenses that a judgment debtor may constitutionally raise under the full faith and credit clause and which are directed to the validity of the foreign judgment. *See* Data Management Systems, Inc. v. EDP Corp., *supra;* Miller v. Eloie Farms, Inc., *supra; cf.* Farnham v. Farnham, 80 Nev. 180, 391 P.2d 26 (1964) (district court's refusal to enforce foreign money judgment was improper where foreign judgment was not challenged on grounds of fraud or lack of jurisdiction and where there was no merit to the debtor's due process challenge). Therefore, even assuming that appellant had sufficiently established below that his neglect was excusable under NRCP 60(b)(1), the district court would have been constitutionally precluded from setting aside the Pennsylvania judgment unless appellant had also demonstrated that the default judgment was invalid due to fraud, lack of jurisdiction or lack of due process in the rendering court. Having reviewed the record, we conclude that appellant's motion below did not demonstrate that the Pennsylvania judgment was invalid or otherwise subject to attack based upon fraud, lack of jurisdiction, or lack of due process.

First, we observe that appellant did not allege, nor do the facts suggest, that the default judgment was procured as a result of

---

[1] NRS 17.350 provides in part that a foreign judgment registered in Nevada pursuant to the UEFJA is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a district court of this state.

fraud upon the Pennsylvania court. Second, to the extent that appellant's motion below may have challenged enforcement of the Pennsylvania judgment on the ground of lack of jurisdiction, our review of the record reveals sufficient unrefuted evidence to establish that appellant was subject to the jurisdiction of the Pennsylvania court. *See* Union Nat. Bank of Pittsburgh v. L.D. Pankey, 426 A.2d 624 (Pa.Super.Ct. 1980) (Pennsylvania may exercise in personam jurisdiction over non-resident defendant where (1) defendant purposefully availed himself of acting within the state; (2) the cause of action arises from defendant's activities within the forum; and (3) defendant has a substantial enough connection with Pennsylvania to make the exercise of jurisdiction reasonable). Specifically, we note that respondents presented an affidavit below from a member of respondents' firm. The affidavit set forth specific averments that appellant had orally promised respondents that he would pay the legal fees in question, that appellant visited the law firm in Pennsylvania on three occasions in connection with the litigation, that appellant remitted four checks to respondents totaling $14,000 as partial payment for their legal services, and that, for all practical purposes, appellant acted for the corporate client in conducting the litigation. Accordingly, respondents set forth sufficient evidence below to refute appellant's conclusory allegations respecting jurisdiction, and to establish that appellant's business activities within the forum subjected him to the jurisdiction of the Pennsylvania court. *See* 42 Pa. Cons. Stat. Ann. § 5322 (Purdon 1981); Union Nat. Bank of Pittsburgh v. L.D. Pankey, *supra*.

Third, our review of the record reveals no support for appellant's assertion that he was deprived of due process of law by the entry of the default judgment. To the contrary, the record reveals that appellant was aware of the need to obtain Pennsylvania counsel to respond adequately to the complaint, that he presented no reasonable excuse for his failure to do so, that he received adequate notice and warning of the pendency of the action against him, and that respondents would be entitled to enter a default judgment against him if a timely and legally sufficient response was not forthcoming.[2] Under these circumstances, we conclude

---

[2]In this regard, appellant complains that respondents failed to provide him with the notice that is required under the Nevada Rules of Civil Procedure. *See* NRCP 55(b)(2) (a party who has appeared in an action is entitled to service of written notice of an application for a default judgment at least three days prior to the hearing on such application). Even assuming that appellant sufficiently appeared in the Pennsylvania action for the purposes of NRCP 55(b)(2), we note that respondents' compliance with NRCP 55(b)(2) is irrelevant to the validity of the Pennsylvania judgment. The appropriate

that appellant received all the notice that is constitutionally required. *See* Mullane v. Central Hanover Trust Co., 339 U.S. 306, 313-314 (1950) (notice must be reasonably calculated to apprise an interested party of the pendency of the action and to afford him an opportunity to present his objections to the court); *see also* Griffin v. Griffin, 327 U.S. 220 (1946).

Although the court below apparently denied appellant's motion on the sole ground that appellant had not demonstrated excusable neglect, this court will affirm the order of the district court if it reached the correct result, albeit for different reasons. *See* Burroughs Corp. v. Century Steel, 99 Nev. 464, 664 P.2d 354 (1983). In light of the above, we affirm the judgment of the district court.

inquiry is whether respondents sufficiently complied with the notice provisions required by the Pennsylvania rules so as to afford appellant due process of law. *See* Data Management Systems, Inc., v. EDP Corp., 709 P.2d at 380. Absent a showing that appellant was deprived of due process of law by inadequate notice, the Pennsylvania judgment is entitled to full faith and credit by the Nevada courts.