An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

PUTNAM LEASING COMPANY I, LLC,
Appellant,
vs.
JOHN T. MORAN, III,
Respondent.

No. 58898

**FILED**

JUN 06 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order setting aside a foreign judgment. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Having considered the parties' arguments and the record before us, we conclude that the undisputed facts of this case demonstrate that under the circumstances presented here, service of process was not reasonably calculated to provide notice of the action to respondent, as appellant failed to take any of the available additional steps to attempt to notify respondent of the pending action after the summons and complaint were returned to appellant marked unclaimed. *See Jones v. Flowers*, 547 U.S. 220, 227 (2006) (holding that, although the government's mailing of a notice of a pending tax sale satisfied the applicable statutory notice requirements, it was not reasonably calculated to provide notice of the impending action when the government was aware that the mailed notice had not reached the intended recipient but took no further steps to actually inform the recipient about the tax sale). Accordingly, service of process in this case did not satisfy the requirements of due process, *see Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An

SUPREME COURT
OF
NEVADA

(O) 1947A

14-18509

elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."), and we therefore affirm the district court's decision to set aside the New York judgment.[1] *Rosenstein v. Steele*, 103 Nev. 571, 573, 747 P.2d 230, 231 (1987) (explaining that a lack of due process is an appropriate basis to set aside a foreign judgment under the Full Faith and Credit Clause of the United States Constitution).

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[1]Although the district court's finding that appellant had failed to make a good-faith effort to work out a payment arrangement with respondent before commencing the New York action was not a proper basis for setting aside the judgment, *see Rosenstein v. Steele*, 103 Nev. 571, 573, 747 P.2d 230, 231 (1987) (explaining that, under the Full Faith and Credit Clause of the United States Constitution, the courts of this state may not set aside a final judgment of a sister state "absent a showing of fraud, lack of due process or lack of jurisdiction in the rendering state"), we may affirm the judgment of the district court if it reached the right result, even if it did so for the wrong reason. *See Sengel v. IGT*, 116 Nev. 565, 570, 2 P.3d 258, 261 (2000).

cc:   Hon. Douglas Smith, District Judge
      Salvatore C. Gugino, Settlement Judge
      The Bach Law Firm
      Gordon & Rees, LLP
      Eighth District Court Clerk