**131 Nev., Advance Opinion 23**

### IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL A. MUNOZ AND SHERRY L.
MUNOZ, HUSBAND AND WIFE,
Appellants,
vs.
BRANCH BANKING AND TRUST
COMPANY, INC., A NORTH
CAROLINA CORPORATION,
Respondent.

No. 63747

**FILED**

APR 30 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a post-judgment deficiency judgment in a judicial foreclosure action. Tenth Judicial District Court, Churchill County; Thomas L. Stockard, Judge.

*Affirmed.*

Law Offices of John J. Gezelin and John J. Gezelin, Reno,
for Appellants.

Sylvester & Polednak, Ltd., and Jeffrey R. Sylvester and Allyson R. Noto,
Las Vegas,
for Respondent.

_____

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, SAITTA, J.:

Pursuant to the Supremacy Clause of the United States Constitution, "state laws that conflict with federal law are without effect."

SUPREME COURT
OF
NEVADA

(O) 1947A

10/8/15: Corrected per letter to publishers. CJ

15-13102

*Altria Grp., Inc. v. Good*, 555 U.S. 70, 76 (2008) (internal quotations omitted). One of the purposes of the federal Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), Pub. L. No. 101-73, 103 Stat. 183 (codified as amended in scattered sections of 12 U.S.C.), is "to facilitate the purchase and assumption of failed banks as opposed to their liquidation." *FDIC v. Newhart*, 892 F.2d 47, 49 (8th Cir. 1989).

At issue here is whether NRS 40.459(1)(c)'s limitation on the amount of a deficiency judgment that a successor creditor can recover conflicts with FIRREA's purpose of facilitating the transfer of the assets of failed banks to other institutions. Because NRS 40.459(1)(c) limits the value that a successor creditor can recover on a deficiency judgment, its application to assets transferred by the Federal Deposit Insurance Corporation (FDIC) frustrates the purpose of FIRREA. Therefore, we hold that NRS 40.459(1)(c) is preempted by FIRREA to the extent that NRS 40.459(1)(c) limits deficiency judgments that may be obtained from loans transferred by the FDIC.

### FACTUAL AND PROCEDURAL HISTORY

In 2007, appellants Michael A. and Sherry L. Munoz borrowed money from Colonial Bank and granted Colonial Bank a security interest in their real property. In 2009, the FDIC placed Colonial into receivership and assigned the Munozes' loan to respondent Branch Banking and Trust Company, Inc. (BB&T). In 2011, NRS 40.459(1)(c), which implements certain limitations on the amount of a deficiency judgment that can be recovered by an assignee creditor, became effective. 2011 Nev. Stat., ch. 311, §§ 5, 7, at 1743, 1748. In 2012, after the Munozes had defaulted on their loan, BB&T instituted an action for a judicial foreclosure of the

secured property, which the Munozes did not oppose. The property was sold for less than the value of the outstanding loan at a sheriff's sale in 2013. BB&T then filed a motion seeking a deficiency judgment against the Munozes for the remaining balance of the loan. Reasoning that NRS 40.459(1)(c) did not apply retroactively to the Munozes' loan, which was originated and assigned before the statute's effective date, the district court awarded a deficiency judgment to BB&T for the full deficiency amount sought. In its order, the district court did not address whether NRS 40.459(1)(c)'s present application was preempted by federal law. The Munozes then filed the present appeal.

## DISCUSSION

In addition to addressing whether NRS 40.459(1)(c)'s application in the present case was impermissibly retroactive, the parties briefed several other issues, including whether this statute was preempted by federal law. The Munozes argue that NRS 40.459(1)(c) is not preempted by a conflict with federal law because it does not impair the FDIC's ability to act as the receiver for a failed bank or to transfer a failed bank's assets.

BB&T argues that the application of NRS 40.459(1)(c) to loans acquired from the FDIC is preempted by FIRREA because NRS 40.459(1)(c) interferes with the FDIC's ability to assume and dispose of a failed bank's assets.

*Standard of review*

"Whether state law is preempted by a federal statute or regulation is a question of law, subject to our de novo review." *Nanopierce Techs., Inc. v. Depository Trust & Clearing Corp.*, 123 Nev. 362, 370, 168 P.3d 73, 79 (2007) (citation omitted). When reviewing a question of law,

SUPREME COURT
OF
NEVADA

(O) 1947A

3

"[we] will affirm the order of the district court if it reached the correct result, albeit for different reasons." *Rosenstein v. Steele*, 103 Nev. 571, 575, 747 P.2d 230, 233 (1987).

*A state law that conflicts with federal law is preempted and without effect*

The preemption doctrine is rooted in the Supremacy Clause of the United States Constitution, which provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. art. VI, cl. 2. Thus, "state laws that conflict with federal law are without effect." *Altria Grp.*, 555 U.S. at 76 (internal quotations omitted).

One situation in which federal law can preempt a state law is where a direct conflict between federal and state law exists. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 504 (1988). This occurs when the state law "frustrates the purpose of the national legislation, or impairs the efficiencies of [the] agencies of the Federal government to discharge the duties for the performance of which they were created." *McClellan v. Chipman*, 164 U.S. 347, 357 (1896) (internal quotations omitted); *see also Malone v. White Motor Corp.*, 435 U.S. 497, 504 (1978) (observing that state and local laws that frustrate federal law are preempted); *Nanopierce Techs.*, 123 Nev. at 375, 168 P.3d at 82 (holding that conflict preemption occurs when a state law frustrates a federal law's purpose).

*FIRREA serves to facilitate the sale of a failed bank's assets*

"'Congress enacted [FIRREA] to enable the federal government to respond swiftly and effectively to the declining financial condition of the nation's banks and savings institutions.'" *Schettler v. RalRon Capital Corp.*, 128 Nev. Adv. Op. No. 20, 275 P.3d 933, 936 (2012) (alteration in original) (quoting *Henderson v. Bank of New England*, 986 F.2d 319, 320 (9th Cir. 1993)). Under FIRREA, "[w]hen the FDIC is appointed receiver of a failed financial institution, it immediately becomes the receiver of all of that institution's assets, including promissory notes that are in default." James J. Boteler, *Protecting the American Taxpayers: Assigning the FDIC's Six Year Statute of Limitations to Third Party Purchasers*, 24 Tex. Tech L. Rev. 1169, 1172 (1993) (citation omitted). When acting as a receiver for a failed bank, "[t]he FDIC's essential duty is to convert all of the institution's assets to cash to cover the insured depositors." *Id.* One method of this is a purchase and assumption agreement, where "the FDIC tries to arrange for a solvent bank to purchase the assets of the failed bank so as to avoid any interruption and loss to the depositors." *Id.*; *see also Newhart*, 892 F.2d at 49 (observing that one of FIRREA's purposes "is to facilitate the purchase and assumption of failed banks as opposed to their liquidation").

To assist the FDIC in carrying out this duty, federal law provides special status to the FDIC's assignees so as to maintain the value of the assets they receive from the FDIC. *See, e.g., FDIC v. Bledsoe*, 989 F.2d 805, 809-11 (5th Cir. 1993) (providing that FDIC assignees share the FDIC's statutory "super" holder-in-due-course status and are entitled to the benefit of a six-year statute of limitations under FIRREA rather than any shorter state statute of limitations); *see also Campbell Leasing, Inc. v.*

SUPREME COURT
OF
NEVADA

(O) 1947A

*FDIC*, 901 F.2d 1244, 1249 (5th Cir. 1990) (holding that "the FDIC and subsequent note holders enjoy holder in due course status whether or not they satisfy the technical requirements of state law"); *Bell & Murphy & Assocs., Inc. v. Interfirst Bank Gateway, N.A.*, 894 F.2d 750, 754 (5th Cir. 1990) (holding that protections provided to the FDIC from claims or defenses based on unrecorded side agreements extend to private assignees of the FDIC).

If a state statute limits the market for assets transferred by the FDIC, it conflicts with FIRREA because it "would have a deleterious effect on the FDIC's ability to protect the assets of failed banks." *Newhart*, 892 F.2d at 50; *see also Bledsoe*, 989 F.2d at 811 (holding that FDIC assignees are afforded a six-year statute of limitations under FIRREA rather than any shorter state statute of limitations, because the shorter state statute of limitations would limit the value of the assets the FDIC is to assign); *Fall v. Keasler*, No. C 90 20643 SW (ARB), 1991 WL 340182, at *4 (N.D. Cal. Dec. 18, 1991) ("The FDIC can only make full use of the market in discharging its statutory responsibilities if the market purchasers have the same rights to pursue actions against recalcitrant debtors as does the FDIC."). Thus, state laws that limit the private market for assets of failed banks held by the FDIC conflict with FIRREA and are preempted.

*NRS 40.459(1)(c) is preempted by its conflict with FIRREA*

NRS 40.459(1)(c) limits the amount an assignee creditor may recover on a deficiency judgment to the amount that it paid to acquire the interest in the secured debt less the amount of the secured property's actual value. Specifically, the statute provides that

SUPREME COURT
OF
NEVADA

(O) 1947A

6

the amount by which the amount of the consideration paid for that right [to obtain the deficiency judgment] exceeds the fair market value of the property sold at the time of sale or the amount for which the property was actually sold, whichever is greater, with interest from the date of sale and reasonable costs,

shall be the amount of a deficiency judgment. NRS 40.459(1)(c).

Since the statute limits a successor creditor's recovery to no more than it paid for a loan, NRS 40.459(1)(c) prevents a creditor from realizing a profit on its purchase of a debt from an assignor creditor. *See id.* This statute makes it less likely that a rational creditor would purchase such a loan. Therefore, NRS 40.459(1)(c)'s application to failed banks' assets held by the FDIC would limit the private market for such assets by making it more difficult for the FDIC to dispose of these assets. Thus, the application of NRS 40.459(1)(c) to assets transferred by the FDIC would frustrate the purpose of FIRREA and directly conflict with this federal statutory scheme. Consequently, NRS 40.459(1)(c) is preempted by FIRREA as to assets transferred by the FDIC and is without effect in this case. *See Altria Grp.*, 555 U.S. at 76.

## CONCLUSION

Although the district court found that NRS 40.459(1)(c) does not apply to BB&T's application for a deficiency judgment for a different reason than the one stated above, it reached the correct result in concluding that NRS 40.459(1)(c) did not shield the Munozes from deficiency judgment liability. Since "[we] will affirm the order of the district court if it reached the correct result, albeit for different reasons," *Rosenstein v. Steele*, 103 Nev. 571, 575, 747 P.2d 230, 233 (1987), we

affirm the district court's order on the grounds that conflict preemption prevents NRS 40.459(1)(c)'s application in the present case.[1]

_____, J.
Saitta

We concur:

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

---

[1]Since NRS 40.459(1)(c)'s application in the present case is preempted by its conflict with FIRREA, we do not reach the other issues raised, including whether: (1) NRS 40.459(1)(c)'s application in the present case would be retroactive, (2) this statute's application in the present case violates the Contracts Clause of the United States or Nevada Constitutions, or (3) the FDIC is a person within the meaning of NRS 40.459(1)(c).

SUPREME COURT
OF
NEVADA

(O) 1947A