An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: THE BROKEN ARROW DOMESTIC NON GRANTOR IRREVOCABLE TRUST, AN INTER VIVOS TRUST.

_____

JESSIE LAWRIMORE,
Appellant,
vs.
PENNIE KUBLA,
Respondent.

No. 65730

FILED

NOV 24 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order granting summary judgment in a trust action. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Appellant Jessie Lawrimore and Candy Lawrimore Rex were the primary beneficiaries of the Broken Arrow Domestic Non Grantor Trust, dated March 9, 2006 (the original trust). Litigation regarding this trust has been proceeding in Nevada and Wyoming courts. As relevant to this appeal, respondent Pennie Kubla was recognized by the Wyoming court as trustee of the original trust in August 2012. Kubla then divided the original trust into two successor trusts, the Broken Arrow Domestic Non Grantor Trust benefitting Candy Rex (the Rex trust) and the Broken Arrow Domestic Non Grantor Trust benefitting Jessie Lawrimore (the Lawrimore trust) (collectively, the successor trusts). In January 11 and September 23, 2013, orders, the Wyoming court approved Kubla's division of the original trust and clarified that the successor trusts were separate successor trusts as opposed to separate accounts within the original trust.

15-36037

In an August 19, 2013, order, the Wyoming court also approved a settlement agreement resolving several Wyoming actions, but that settlement agreement expressly excluded Jessie and the Lawrimore trust.

On February 20, 2014, Jessie, as beneficiary of the original trust, petitioned the Nevada district court for relief against Kubla, as trustee of the original trust, for alleged breaches of Kubla's fiduciary duties to Jessie. Kubla later moved for summary judgment on the breach of fiduciary duty claims. The district court granted Kubla summary judgment, finding that Kubla had filed accountings with the Nevada court and that her other actions were compelled or sanctioned by the Wyoming court. The district court implicitly gave full faith and credit to the Wyoming orders. The district court then dismissed Kubla from the action, finding that Kubla could not breach her fiduciary duty to Jessie by obeying court orders and that Kubla had not otherwise breached her fiduciary duty. This appeal followed.[1]

On appeal, Jessie argues that summary judgment was inappropriate and factual issues remain as to whether Kubla, as trustee of the original trust, breached her fiduciary duties to Jessie by improperly valuing certain personal property and surcharging Jessie's account for the value of that property, improperly settling a trust claim against Candy for Candy's 1st Bank promissory note, failing to provide sufficient documentation to Jessie about the trust's finances, failing to provide a sufficient accounting, improperly advocating against Jessie's attempts to intervene in the Wyoming litigation, and improperly distributing certain

---

[1]We decline to summarily treat Kubla's failure to file an answering brief as a confession of error and resolve this matter on its merits. NRAP 31(d).

funds. We review de novo the district court's summary judgment order. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). "Summary judgment is appropriate . . . when the pleadings and other evidence on file demonstrate that no 'genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting NRCP 56(c)).

To resolve this matter, we must first determine whether the district court properly gave the Wyoming district court orders full faith and credit. "The full faith and credit clause of the United States Constitution requires that a final judgment entered in a sister state must be respected by the courts of this state absent a showing of fraud, lack of due process or lack of jurisdiction in the rendering state." *Rosenstein v. Steele*, 103 Nev. 571, 573, 747 P.2d 230, 231 (1987). In this appeal, Jessie presents no arguments regarding why the Wyoming court orders should not be given full faith and credit, and we can find none in the appendix. Accordingly, we accord the Wyoming court orders full faith and credit. *See id.*

The Wyoming court recognized Kubla as trustee of the original trust, approved her division of that trust into two successor trusts, and clarified that the division created two separate successor trusts, not two sub-accounts of the original trust. The result is that the original trust was terminated on August 8, 2012. 5 Austin Wakeman Scott, William Franklin Fratcher, Mark L. Asher, *Scott and Asher on Trusts* § 36.1, at 2321-26 (5th ed. 2008). Kubla's duties as trustee, however, continue until a final accounting is rendered and the trust assets are distributed. *Id.* Thus, Jessie, as a beneficiary of the original trust, can sue Kubla as trustee for breach of her fiduciary duties in winding up the original trust.

While the district court found that all of Jessie's claims for breach of fiduciary duty were resolved by the Wyoming court settlement, the settlement agreement expressly excluded Jessie. It is thus not binding upon him.

Therefore, as to Jessie's claims that Kubla breached her fiduciary duties to him by improperly valuing certain personal property and surcharging his account for the value of that property, and by improperly settling a trust claim against Candy for Candy's 1st Bank promissory note, while the original trust is bound by the approved settlement agreement, Jessie is not and may assert these breach of fiduciary duty claims against Kubla. Further, the parties set forth differing factual accounts of Kubla's actions. Accordingly, we conclude that summary judgment is not warranted because genuine issues of fact remain, and we reverse the district court's order as to these claims.

Next, regarding Jessie's claims that Kubla breached her fiduciary duties by failing to provide sufficient documentation to Jessie about the trust's finances and improperly advocating against Jessie's attempts to intervene in the Wyoming litigation, these claims were not resolved by the Wyoming settlement agreement and no factual findings in the Nevada district court's order addressed them. Accordingly, we conclude that summary judgment is not warranted and we reverse the district court's order as to these claims.

Jessie's next argument is that Kubla failed to provide a sufficient accounting. Here, Jessie originally argued in the district court that Kubla had failed to file an accounting, not that the accounting she filed was insufficient, and the district court only made findings that Kubla had provided an accounting, not that the accounting was sufficient.

Supreme Court
OF
Nevada

(O) 1947A

4

Accordingly, we affirm the summary judgment in Kubla's favor on the issue of whether she had provided an accounting, but we reverse the summary judgment as to the sufficiency of the accounting because the district court made no findings of fact on this issue.

Finally, as to Jessie's claims that Kubla breached her fiduciary duties by improperly distributing certain funds, Kubla's actions at issue here were sanctioned or compelled by the Wyoming court. Accordingly, we conclude that they are not a breach of Kubla's fiduciary duties to Jessie; and we affirm the district court's summary judgment on these claims. *See In re Harrison Living Trust*, 121 Nev. 217, 224, 112 P.3d 1058, 1063 (2005) (concluding that a trustee's compliance with a court order was not a breach of fiduciary duty).

Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Parraguirre

_____, J.          _____, J.
Douglas                                        Cherry

_____

[2]The petition at issue in this matter was asserted by Jessie as beneficiary of the original trust. Jessie has not filed any petitions in this matter on behalf of himself as beneficiary of the Lawrimore trust, nor has the trustee of the Lawrimore trust filed any petitions on that trust's behalf. Therefore, we decline to consider their rights.

cc: Hon. Gloria Sturman, District Judge
Ara H. Shirinian, Settlement Judge
Fennemore Craig Jones Vargas/Las Vegas
Fennemore Craig Jones Vargas/Reno
Grant Morris Dodds PLLC
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A