138 Nev., Advance Opinion 52

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JUSTIN CRAIG BLOUNT; AND STEPHANIE BLOUNT, Appellants, vs. PAULA BLOUNT, Respondent. | No. 82095 |

**FILED**

JUL 07 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT

BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order confirming a foreign child custody determination. Eighth Judicial District Court, Family Division, Clark County; Rena G. Hughes, Judge.

*Affirmed.*

Justin Craig Blount, Las Vegas,
in Pro Se.

Stephanie Blount, Las Vegas,
in Pro Se.

Willick Law Group and Marshal S. Willick and Trevor M. Creel, Las Vegas,
for Respondent.

---

BEFORE THE SUPREME COURT, HARDESTY, STIGLICH, and HERNDON, JJ.

## OPINION

By the Court, STIGLICH, J.:

This appeal raises an issue of first impression regarding the registration of foreign child custody orders under NRS 125A.465, part of

22-21343

Nevada's adoption of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). In particular, we must interpret the portion of the statute that precludes a party from challenging the registration if the party fails to do so within 20 days of receiving notice of the request to register and those challenges that "could have been asserted at the time of registration." NRS 125A.465(6), (8). In light of the statute's plain language, the decisions of other jurisdictions, and the commentary to the UCCJEA and another similar act, we conclude that the statute is unambiguous and apply its plain language, which accords with the other authorities. Accordingly, because no party timely challenged the foreign order's registration, we affirm the district court's order confirming the foreign custody order at issue in this case.

## FACTS AND PROCEDURAL HISTORY

Appellant Justin Craig Blount is the father to the two minor children whose custody is at issue in this case. Respondent Paula Blount is their paternal grandmother. When Justin and the children's biological mother, a member of the Hualapai Tribe, were going through a divorce, the Tribal Court of the Hualapai Tribe in Peach Springs, Arizona, awarded temporary custody of the children to the mother. When the mother passed away, the Tribal Court restored custody to Justin, and the children went to live with him and appellant Stephanie Blount, now his wife, in Nevada in 2017. In July 2019, a Nevada district court entered a decree of adoption declaring Justin and Stephanie the children's legal parents.[1] We later

---

[1]Although Paula asked the Tribe to oppose the adoption, and it initially did so, the Tribe later concluded that it could not "intervene in a case filed in another court's jurisdiction," advised Paula to seek other counsel to challenge the adoption, and withdrew its motion to intervene in the adoption proceedings.

affirmed the district court's order rejecting Paula's separate petition for grandparent visitation because the Tribal Court still had jurisdiction over such issues. *In re Visitation of J.C.B.*, No. 76831, 2019 WL 4447341, *3 (Nev., Sept. 16, 2019) (Order of Affirmance).

After this court's decision, in December 2019, Paula petitioned the Tribal Court for grandparent visitation, asserting that the children lived with her for a significant amount of time before moving to Nevada and that Justin had not let her see or talk to the children since they moved. The Tribal Court sent notice of the hearing and motion to Justin's counsel, although the notice named the counsel as the plaintiff rather than Justin. Neither Justin nor his counsel responded to the notice or appeared at the hearing, and the Tribal Court entered an order granting joint custody to Paula and Justin in January 2020.[2]

Paula then sought to register the Tribal Court custody order in Nevada and gave notice to Justin as required by statute. Justin's counsel accepted service of the notice on April 6, 2020. On April 30, 24 days later, Justin filed a challenge to Paula's attempt to register, arguing that Stephanie was entitled to, but did not receive, notice of the Tribal Court custody hearing; that the Tribal Court lacked jurisdiction to issue the custody order under the UCCJEA; and that the Tribal Court had entered a superseding custody order granting joint custody to the children's maternal grandparents as well. Stephanie, although not named as a party in the proceeding or given notice of the request to register, also filed a pro se

---

[2]The Tribal Court's order noted the issues with the notice to Justin but did not conclude those issues made the notice defective. It is also unclear why the Tribal Court awarded Paula joint custody when she initially sought visitation.

opposition in August 2020. After a hearing—relying on *In re Visitation of J.C.B.*, No. 76831, and the UCCJEA—the district court concluded that the Tribal Court had continuing, exclusive jurisdiction over all custody issues regarding Justin's children, despite the intervening adoption proceedings. The court did not address Justin's and Stephanie's challenges to the propriety of the Tribal Court's order, instead stating that "those [purported] defects are not for this court to weigh in on and the father may consider appealing the Court's decision." The court therefore gave "full faith and credit" to the Tribal Court custody order. Justin and Stephanie now appeal.

## DISCUSSION

Below and on appeal, Paula argued that because Justin's and Stephanie's challenges were raised more than 20 days after Justin's counsel accepted service of the notice of the registration request, they were untimely and waived under the UCCJEA. And because the arguments were not timely raised, she asserts that the UCCJEA required the district court to register the Tribal Court custody order as a matter of law. Although we could consider Justin and Stephanie's failure to respond to this argument on appeal as a confession of error, *see Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 563, 216 P.3d 788, 793 (2009) (treating a party's failure to respond to an argument as a concession that the argument is meritorious), we choose to address the issue on the merits, *see Huckabay Props., Inc. v. NC Auto Parts, LLC*, 130 Nev. 196, 202, 322 P.3d 429, 433 (2014) (noting the court's "policy preference for merits-based dispositions").

The UCCJEA is codified at NRS Chapter 125A. NRS 125A.465(1) provides that "[a] child custody determination issued by a court of another state may be registered in this state" by complying with certain

requirements.[3] One requirement is that notice of the registration request be served on "any parent or person acting as a parent who has been awarded custody or visitation in the child custody determination sought to be registered." NRS 125A.465(1)(c); *see also* NRS 125A.465(4) (providing that "[t]he person seeking registration of a child custody determination pursuant to subsection 1 shall serve notice . . . upon each parent or person who has been awarded custody or visitation identified pursuant to paragraph (c) of subsection 1"). The notice must inform the recipient that a registered order is enforceable in Nevada, that the recipient has 20 days to request a hearing contesting the validity of the registration, and that the "[f]ailure to contest the registration will result in confirmation of the child custody determination and preclude further contest of that determination with respect to any matter that could have been asserted." NRS 125A.465(5).

Echoing the notice requirements, NRS 125A.465(6) explicitly provides that "[a] person seeking to contest the validity of a registered order must request a hearing within 20 days after service of the notice." If a party does not timely request such a hearing, "the registration is confirmed as a matter of law." NRS 125A.465(7). A district court's confirmation of the registration "precludes further contest of the order with respect to any matter that could have been asserted at the time of registration." NRS 125A.465(8).

---

[3]The UCCJEA applies to tribes. NRS 125A.215(2) ("A court of this state shall treat a tribe as if it were a state of the United States for the purpose of applying [the relevant statutes]."); NRS 125A.215(3) ("A child custody determination made by a tribe under factual circumstances in substantial conformity with the jurisdictional standards of the provisions of this chapter must be recognized and enforced pursuant to NRS 125A.405 to 125A.585, inclusive.").

Here, neither Justin nor Stephanie filed their challenges to Paula's request to register the Tribal Court custody order by the deadline provided in NRS 125A.465(6), but they still argue on appeal that the Tribal Court custody order should not be registered for a variety of reasons. We thus take this opportunity to discuss the implications of failing to timely challenge a request to register under the UCCJEA. The statute's language is necessarily our starting point. There can be no disagreement that it provides that the failure to challenge a properly noticed request to register a foreign custody order within 20 days results in the order being registered "as a matter of law" and "precludes" challenges that could have been raised within the 20-day window. NRS 125A.465(7), (8). The language is plain and unambiguous, and the statute provides no exception to its application. *See Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1302, 148 P.3d 790, 792-93 (2006) (providing that a statute's meaning is plain when it is not susceptible to more than one interpretation).

The only UCCJEA comment to the registration provision shows that the drafters intended for registration of foreign custody orders to be a straightforward process, stating that the rule "authorizes a simple registration procedure that can be used to predetermine the enforceability of a custody determination." UCCJEA § 305 cmt., 9 pt. IA U.L.A. 550 (2019). The comment also cross-references a similar provision for registering foreign support orders under the Uniform Interstate Family Support Act (UIFSA), stating that the UCCJEA registration procedure "parallels" that of the UIFSA.[4] *Id.* Commentary to the UIFSA registration provision relates

_____

[4]The UIFSA provides that a challenge to the registration of a foreign child support order must be made "within 20 days after the notice" of the request to register, NRS 130.605(2)(b); *see also* UIFSA § 605(b)(2), 9 pt. IB

Supreme Court
of
Nevada

(O) 1947A

6

that the "[t]he rationale for this relatively short period was that the matter had already been litigated, and the obligor had already had the requisite 'day in court.'" UIFSA § 605 cmt., 9 pt. IB U.L.A. 347.

The statute's plain language in conjunction with the clear evidence of the drafters' intent requires us to apply the statute as written. *See Stockmeier v. Psychological Review Panel*, 122 Nev. 534, 539, 135 P.3d 807, 810 (2006) ("If [a statute's] language is clear and unambiguous, we do not look beyond its plain meaning, and we give effect to its apparent intent from the words used, unless that meaning was clearly not intended."). And while not many jurisdictions have addressed the 20-day timeline under the UCCJEA, those that have appear to have strictly applied it.[5] *See, e.g., In re*

---

U.L.A. 461 (2019), or it is "confirmed by operation of law," NRS 130.606(2); *see also* UIFSA § 606(b), 9 pt. IB U.L.A. 462. "[F]ailure to contest the validity or enforcement of the registered order in a timely manner will result in confirmation of the order and enforcement of the order . . . and precludes further contest of that order with respect to any matter that could have been asserted." NRS 130.605(2)(c); *see also* UIFSA § 605(b)(3), 9 pt. IB U.L.A. 346.

[5]While this court, as well as other jurisdictions, has refused to recognize custody orders where the court entering the order lacked UCCJEA jurisdiction, we note that those cases either did not involve or did not address the relevant 20-day deadline. *See, e.g., Friedman v. Eighth Judicial Dist. Court*, 127 Nev. 842, 852, 264 P.3d 1161, 1168 (2011) (holding that a court that lacks UCCJEA jurisdiction cannot gain it by consent of the parties, estoppel, or waiver, in a case that did not involve NRS 125A.465 registration); *Holly C. v. Tohono O'odham Nation*, 452 P.3d 725, 743 (Ariz. Ct. App. 2019) (stating that the court only has to enforce and recognize extrajurisdictional custody orders where the entering court had UCCJEA jurisdiction with no mention of Arizona's equivalent of NRS 125A.465); *Miller v. Mills*, 64 So. 3d 1023, 1026 (Miss. Ct. App. 2011) (refusing to enforce a Louisiana custody order after concluding that Louisiana lacked UCCJEA jurisdiction without discussing the 20-day deadline); *Blanchette v. Blanchette*, 476 S.W.3d 273, 278-79 (Mo. 2015) (acknowledging that a

*T.C. v. A.C.*, No. CN05-03786, 2013 WL 8290632, at \*7 (Del. Fam. Ct. Dec. 18, 2013) (concluding that the mother's failure to contest the registration of a foreign custody order within 20 days waived later challenges to the order's registration and the order was "valid as a matter of law"); *Shue v. McAuley*, No. 1649, 2017 WL 4117882, at \*4 (Md. Ct. Spec. App. Sept. 15, 2017) (holding that the father waived his challenges to registration of a foreign custody order under Maryland's equivalent to NRS 125A.465 by withdrawing his timely challenge and not reasserting it until approximately a year later); *Cook v. Arimitsu*, 907 N.W.2d 233, 241 (Minn. Ct. App. 2018) (noting that no objection to the request to register a child custody order was made under Minnesota's equivalent to NRS 125A.465 and, therefore, the court would not grant any relief regarding the registration).

While some jurisdictions have found reasons to avoid applying the similar 20-day deadline under the UIFSA, the circumstances animating those cases are not present here. In one instance, a court concluded that a party could raise his challenge to the registration outside the 20-day window where the notice of the request to register did not include all the required information. *Washington v. Thompson*, 6 S.W.3d 82, 86-88 (Ark. 1999) (but recognizing that the timing provision was otherwise "mandatory"). Here, Justin and Stephanie do not allege that the notice lacked the information required by the UCCJEA. In another case, a court concluded that the district court had discretion to allow a party to contest registration of a child support order outside the UIFSA's 20-day window under court rules that parallel NRCP 55 (regarding default judgments) and

---

court's lack of jurisdiction under the UCCJEA would render its order void and be grounds to not register the order in another state but not discussing the timeliness of challenges to attempts to register).

NRCP 60 (addressing relief from judgments and orders). *Largent v. Largent*, 192 P.3d 130, 134-35 (Wyo. 2008). But Justin and Stephanie did not seek relief under those rules before the district court, so those rules are not at issue in this appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (holding that we do not consider arguments not raised in the district court). Moreover, it appears that the majority of jurisdictions that have considered the UIFSA's 20-day deadline have applied it strictly. *See, e.g., In re Marriage of Sawyer*, 271 Cal. Rptr. 3d 627, 636 (Ct. App. 2020) (agreeing with the lower court that the amount of arrears reflected in a foreign custody order was confirmed by operation of law when the father could have, but did not, challenge the registration within 25 days, the time provided by California's version of the UIFSA); *Dep't of Human Res. v. Mitchell*, 12 A.3d 179, 188-89 (Md. Ct. Spec. App. 2011) (holding that the withdrawal of a timely challenge to the registration of a foreign support order constituted a failure to timely challenge the registration such that the registration was confirmed by operation of the law); *Tepper v. Hoch*, 536 S.E.2d 654, 658 (N.C. Ct. App. 2000) ("Defendant did not request a hearing within 20 days and was, therefore, not entitled to contest the validity or enforcement of the Order. It follows the Order was confirmed by operation of law."); *Smith v. Hall*, 707 N.W.2d 247, 250-51 (N.D. 2005) (holding that the father-obligor was precluded from contesting the registration of a Tribal Court's child support order because the time to do so had expired).

Applying the plain language of NRS 125A.465 here requires us to affirm the district court's order.[6] Neither Justin nor Stephanie filed a challenge to the request to register within 20 days of its service, and the Tribal Court custody order is therefore confirmed as a matter of law pursuant to NRS 125A.465(7). And confirmation of the registered order prevents us from considering Justin's and Stephanie's appellate arguments, as they "could have been asserted at the time of registration."[7] NRS 125A.465(8). Indeed, their main arguments on appeal—that the Tribal Court lacked UCCJEA jurisdiction to enter the custody order, that there was a superseding custody order, and that the Tribal Court failed to give proper notice of the custody hearing to Justin and Stephanie—are

---

[6]We note that the adoption decree declaring Stephanie and Justin as the children's legal parents does not factor into our decision. That order is not before us in this appeal, and the UCCJEA, which governs this case, explicitly does "not govern adoption proceedings." NRS 125A.205. And while we recognize that NRS 127.160 (discussing rights and duties of adopted children and adoptive parents) and NRS 127.171 (discussing rights to visitation by relatives following a child's adoption) could be read to conflict with NRS 125A.465, the parties have not raised these statutes, and we therefore express no opinion on the issue.

[7]Although Stephanie appears to argue that she did not receive notice of the request to register, we note that she was not entitled to notice. NRS 125A.465(1)(c) and (4), read together, require notice to be given to "any parent or person acting as a parent *who has been awarded custody or visitation in the child custody determination sought to be registered.*" (Emphasis added.) The Tribal Court has never awarded Stephanie custody or visitation, and the UCCJEA therefore did not require Paula to give Stephanie notice of the request to register the Tribal Court's order. *See* Russell M. Coombs, *Child Custody and Visitation by Non-Parents Under the New Uniform and Child Custody Jurisdiction and Enforcement Act: A Rerun of Seize and Run*, 16 J. Am. Acad. Matrim. Law. 1, 76-77 (1999) (discussing the registration of foreign custody orders under the UCCJEA and the parties who are entitled to notice of requests to register).

arguments that could have been brought within the 20-day window. *See* NRS 125A.465(6) (providing three grounds to challenge the registration of a foreign custody order: lack of jurisdiction by the issuing court; modification of the order sought to be registered; and lack of proper notice of the custody hearing in the issuing state to the person challenging registration).

## *CONCLUSION*

NRS 125A.465's language is plain and unambiguous, and we must therefore apply its 20-day deadline to preclude untimely challenges to the registration of a foreign custody order, such as Justin's and Stephanie's challenges to the Tribal Court custody order at issue here. Thus, we affirm the district court's order registering the Tribal Court custody order, albeit for different reasons than those on which the district court relied. *See Rosenstein v. Steele*, 103 Nev. 571, 575, 747 P.2d 230, 233 (1987) ("[T]his court will affirm the order of the district court if it reached the correct result, albeit for different reasons.").

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Herndon

SUPREME COURT
OF
NEVADA


(O) 1947A