138 Nev., Advance Opinion 76

IN THE SUPREME COURT OF THE STATE OF NEVADA

MATTHEW MORONEY,
Appellant,
vs.
BRUCE ARTHUR YOUNG,
Respondent.

No. 82948

FILED

NOV 23 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing an amended complaint in a torts action. Fifth Judicial District Court, Esmeralda County; Kimberly A. Wanker, Judge.

*Affirmed.*

Bighorn Law and Kimball Jones, North Las Vegas,
for Appellant.

DeLee Law Offices, LLC, and Michael M. DeLee, Amargosa Valley,
for Respondent.

BEFORE PARRAGUIRRE, C.J., HERNDON, J., and GIBBONS, Sr. J.[1]

OPINION

By the Court, HERNDON, J.:

In this appeal, we address factors for the district court to consider when resolving a timely motion to extend the service period for a

[1]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

22-36850

summons and complaint. Recently amended NRCP 4(e)(3) provides that if a plaintiff timely moves for an extension of time to serve the summons and complaint and demonstrates good cause for the requested extension, "the court must extend the service period and set a reasonable date by which service should be made." We have previously articulated the relevant factors to determine if a plaintiff has shown good cause for filing an *untimely* motion to extend the time for service of process, *see Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 245 P.3d 1198 (2010), and for extending the service period following such an untimely motion, *see Scrimer v. Eighth Judicial Dist. Court*, 116 Nev. 507, 998 P.2d 1190 (2000). We conclude that the same factors apply to timely motions to extend the service period to the extent that those factors bear on whether the plaintiff diligently attempted service and/or whether circumstances beyond the plaintiff's control resulted in the failure to timely serve. Applying those factors and other relevant considerations here, we affirm the district court's dismissal order.[2]

### FACTUAL AND PROCEDURAL HISTORY

After a physical confrontation between the parties, appellant Matthew Moroney sued respondent Bruce Arthur Young and others, filing the complaint on the last day of the applicable limitations period. On the deadline for service of process under NRCP 4(e), Moroney moved to enlarge the time to serve Young, which the district court denied in a minute order following a hearing. Several months later, Moroney filed an amended complaint alleging a single claim against Young only. In response, Young filed a pro se answer and, after retaining counsel, moved to dismiss the amended complaint in part because the statute of limitations had expired

---

[2]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

and because Moroney had not timely served him. After conducting two hearings on Young's motion to dismiss, the district court granted the motion, relying on its earlier minute order and explicitly stating that it was not relying on Young's motion to dismiss. This appeal followed.[3]

## DISCUSSION

NRCP 4(e) governs time limits for service of process, generally providing that "[t]he summons and complaint must be served upon a defendant no later than 120 days after the complaint is filed, unless the court grants an extension of time under this rule." NRCP 4(e)(1). And NRCP 4(e)(2) requires dismissal if the plaintiff fails to complete service "before the 120-day service period—or any extension thereof—expires." If a plaintiff moves to extend the time for service before the service deadline "and shows that good cause exists for granting an extension of the service period, the court must extend the service period and set a reasonable date by which service should be made." NRCP 4(e)(3). We review both the dismissal for failure to effect timely service of process and the district court's good cause determination for an abuse of discretion. *See Abreu v. Gilmer*, 115 Nev. 308, 312-13, 985 P.2d 746, 749 (1999) (reviewing dismissal for failure to effect timely service of process for an abuse of discretion); *Scrimer*, 116 Nev. at 513, 998 P.2d at 1193-94 (reviewing a good cause determination for an abuse of discretion).

Although we have not previously addressed what constitutes "good cause" that would trigger the district court's duty to extend the service period under current NRCP 4(e)(3), we have addressed good cause under

---

[3]We reject Young's argument that we lack jurisdiction over this appeal, as Moroney timely appealed from the district court's dismissal order, which constitutes a final appealable judgment under NRAP 3A(b)(1).

previous versions of NRCP 4. In *Scrimer*, we analyzed former NRCP 4(i), the predecessor to Rule 4(e)(4) regarding untimely motions to extend the service period, which required the district court to dismiss based on untimely service "unless a plaintiff [could] show good cause why service was not made during the 120-day [service] period." 116 Nev. at 512, 998 P.2d at 1193. To guide district courts in assessing good cause, we outlined a number of relevant considerations, including "the plaintiff's diligence in attempting to serve the defendant," "the defendant's efforts at evading service or concealment of improper service until after the 120-day period has lapsed," "the lapse of time between the end of the 120-day period and the actual service of process," "the prejudice to the defendant caused by the plaintiff's delay in serving process," and "the running of the applicable statute of limitations." *Id.* at 516, 998 P.2d at 1195-96.

We again discussed good cause after the 2004 amendments to NRCP 4(i), which added a requirement that the district court consider a party's failure to move to enlarge the time for service within the service period "in determining good cause for an extension of time." *Saavedra-Sandoval*, 126 Nev. at 594, 245 P.3d at 1199 (quoting former NRCP 4(i)). In examining the amendments' effect on *Scrimer*'s "good cause" analysis, we concluded that the amendments "require[d] district courts to first consider if good cause exists for filing an untimely motion for enlargement of time" before considering if good cause existed for the enlargement itself. *Id.* To make the initial good cause assessment, we held that district courts should consider the *Scrimer* factors "that would impede the plaintiff's attempts at service and, in turn, could result in the filing of an untimely motion to enlarge the time to serve the defendant with process." *Id.* at 597, 245 P.3d at 1201. But we clarified that the factors were not exhaustive and district

courts should consider other factors that "similarly relate to difficulties encountered by a party in attempting service that demonstrate good cause for filing a tardy motion." *Id.*

We amended our service rules again effective on March 1, 2019. *See In re Creating a Comm. to Update & Revise the Nev. Rules of Civil Procedure*, ADKT 0522, at *3 (Nev. Dec. 31, 2018) (Order Amending the Rules of Civil Procedure, the Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules) ("[T]his amendment to the [NRCP] . . . shall be effective prospectively on March 1, 2019, as to all pending cases and cases initiated after that date."). These amendments added the good cause consideration at issue here, where a party moves to extend the time for service *before* the service period expires. Under this rule, a district court must grant a timely motion to extend the service period if the plaintiff "shows that good cause exists for granting an extension." NRCP 4(e)(3).

In light of the foregoing, we must now consider what constitutes good cause to extend the service period when such a motion is filed within the service period. Moroney argues that reversal is warranted because he filed a timely motion that showed good cause for his failure to timely serve by presenting evidence that Young evaded service. Moroney further contends that the district court should have, but did not, consider certain of the *Scrimer* factors in determining whether to extend the time for service. Young responds that dismissal was proper because Moroney failed to use reasonable diligence in attempting service.

We conclude that where a plaintiff timely moves for an extension of the service period under NRCP 4(e)(3), the district court must consider the *Scrimer* factors that relate to the plaintiff's diligence in

attempting service, and to any circumstances beyond the plaintiff's control that may have resulted in the failure to timely serve the defendant. These factors include

> (1) difficulties in locating the defendant, (2) the defendant's efforts at evading service or concealment of improper service until after the 120-day period has lapsed, (3) the plaintiff's diligence in attempting to serve the defendant, . . . and (10) any [previous] extensions of time for service granted by the district court.

116 Nev. at 516, 998 P.2d at 1196. And as stated in *Saavedra-Sandoval* regarding untimely motions, this list is not exhaustive, but any additional factors a district court considers should similarly focus on the plaintiff's diligence in attempting to serve defendants and/or whether the failure to effectuate service was due to reasons beyond the plaintiff's control. 126 Nev. at 597, 245 P.3d at 1201. Underlying these considerations is the objective behind Nevada's service rules, which is "to encourage litigants to promptly prosecute matters by properly serving the opposing party in a timely manner." *Id.* at 596, 245 P.3d at 1201.

Here, Moroney focuses on Young's alleged evasion of service and the applicable statute of limitations that would preclude refiling the action. As clarified by our ruling today, the statute of limitations is not a relevant factor for a timely motion to extend the service period, although it would be under *Scrimer* for an *untimely* motion. *See Scrimer*, 116 Nev. at 516, 998 P.2d at 1195-96 (listing the relevant factors and considerations). This is because, unlike after the service deadline expires, where prejudice to both parties are relevant factors, the focal point before the service deadline expires is whether the plaintiff has promptly prosecuted his or her case by attempting to timely serve the opposing party. And as to the alleged evasion, the record does not support Moroney's contention that Young

deliberately evaded service. Indeed, as Moroney conceded below, Young lived in a remote area, and because it was costly to effectuate service, Moroney made only one service attempt. During this attempt—as set forth in Moroney's process server's affidavit attached to the motion—Moroney's process server went to the Esmeralda County Sheriff's Office for assistance locating Young's property but, for reasons unknown, did not have the sheriff's office serve Young. Upon the process server's arrival at Young's property, "[a]n unidentified neighbor stated that [Young] was not home and would not be interested in receiving a court Summons." This statement, without more, does not sufficiently establish that Young was evading service. And despite the district court's indication at the hearing on the motion that it would consider additional evidence, Moroney provided no further evidence.

Additionally, the record supports the district court's finding that Moroney unreasonably delayed his service attempt. *See Yamaha Motor Co., U.S.A. v. Arnoult*, 114 Nev. 233, 238, 955 P.2d 661, 664 (1998) ("If the district court's findings are supported by substantial evidence, they will be upheld."). Notably, Moroney waited until the last day of the statute-of-limitations period to file suit and then waited until the service deadline to file his motion to extend the service period. Because the record supports the district court's findings and it considered the relevant factors at this stage, we conclude that it did not abuse its discretion by denying Moroney's motion to extend the service period. *Scrimer*, 116 Nev. at 513, 998 P.2d at 1193-94. Further, because Moroney did not serve Young within the time required under NRCP 4(e), it follows that the district court also did not

abuse its discretion by dismissing the case.[4] *See* NRCP 4(e)(2); *Abreu*, 115 Nev. at 312-13, 985 P.2d at 749 (reviewing the dismissal for failure to effect timely service of process for abuse of discretion); *Scrimer*, 116 Nev. at 512-13, 998 P.2d at 1193 (explaining that dismissal is mandatory where the plaintiff fails to demonstrate that "there is a legitimate excuse for failing to serve within the 120 days").

## *CONCLUSION*

Recently amended NRCP 4(e)(3) requires that a district court extend the service period where a plaintiff timely moves for an extension and demonstrates that good cause for an extension exists. We conclude that

---

[4]The dismissal order states that the district court was "acting upon its own previously entered minute order and not relying upon" Young's motion to dismiss in "confirm[ing] the dismissal of the action." To the extent the district court erred by dismissing the action sua sponte without issuing an order to show cause, we nevertheless affirm because Moroney waived this argument by failing to raise it on appeal. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) (providing that issues not raised on appeal are deemed waived). Additionally, because Young's motion to dismiss was premised, in part, on dismissal under NRCP 4(e)(2) for failure to timely serve, Moroney had notice of the possible dismissal under this rule and an opportunity to be heard on this issue at the dismissal hearings. *See* NRCP 4(e)(2), Advisory Committee Note—2019 Amendment ("Rule 4(e)(2) makes clear that, if the court acts on its own, it must issue an order to show cause giving the parties notice and an opportunity to be heard before dismissing an action for failure to make service."); *Pack v. LaTourette*, 128 Nev. 264, 267, 277 P.3d 1246, 1248 (2012) ("[T]his court will affirm the order of the district court if it reached the correct result, albeit for different reasons." (alteration in original) (quoting *Rosenstein v. Steele*, 103 Nev. 571, 575, 747 P.2d 230, 233 (1987))). We nevertheless caution district courts that absent similar circumstances, a district court must issue an order to show cause before sua sponte dismissing an action pursuant to NRCP 4(e)(2).

Because this issue is dispositive, we need not address the parties' remaining arguments.

in determining whether the plaintiff has made a good cause showing for these purposes, the district court must apply the factors we articulated in *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 245 P.3d 1198 (2010), and *Scrimer v. Eighth Judicial Dist. Court*, 116 Nev. 507, 998 P.2d 1190 (2000), to the extent that they bear on whether the plaintiff diligently attempted service and/or whether circumstances beyond the plaintiff's control resulted in the failure to timely serve. Applying those factors here, we affirm the district court's order.[5]

_____, J.
Herndon

We concur:

_____, C.J.
Parraguirre

_____, Sr. J.
Gibbons

---

[5]Although the notice of appeal includes Point Mining & Milling Consolidated, Inc., as a respondent, it appears that entity was never served, and both the amended complaint and the order dismissing the amended complaint do not name Point Mining as a defendant. Accordingly, the clerk of this court shall modify the caption on this court's docket consistent with the caption on this opinion.